AYRES, Judge.
By means of this action, plaintiff, Jesse Brown, sought a judicial review of a determination made by the Board of Review, Division of Employment Security, Department of Labor, State of Louisiana, whereby the Board denied plaintiff’s application for unemployment compensation. The action of the Board was upheld by the trial court, and plaintiff appealed.
Plaintiff’s disqualification for unemployment compensation benefits was based on a conclusion that plaintiff left his employment without good cause connected with such employment. The defendant contends that plaintiff left his employment of his own accord and for personal reasons, and submits that the sole issue to be determined is whether the ruling of the Board, based on the record, is correct. In this connection, it is urged that the record is devoid of legal evidence upon which a determination of the matter could be made in plaintiff’s favor. The record, however, was submitted as containing evidence sufficient for the rejection of plaintiff’s claim. In fact, upon the basis of this record, the Board of Review held plaintiff disqualified to receive unemployment compensation. The truth of the facts recited in the record is not only not controverted but admitted by the defendant. The objection as to the sufficiency of the record is, therefore, without merit.
The record discloses that plaintiff was employed by Paris Drugs, Grocery & Liquors, 1656 Ford Street, Shreveport, at a wage of $20 per week. His hours of employment were from 8:00 a. m. until 12:00 midnight, generally without time off for lunch or dinner. Plaintiff was required, however, to buy his own meals out of his meager wage and eat while on duty. There was initially an understanding that the work would be placed on two shifts. This, however, never materialized. Although a discussion of plaintiff’s intolerable working conditions was had with his employer, no relief was provided.
The rule is that no work shall be deemed suitable and benefits shall not be denied to an eligible individual for refusing to accept work if the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality.
LSA-R.S. 23:1601(3) (a) and (b).
With reference to the provisions of the statute referred to, the Court of Appeal for the First Circuit, in Robertson v. Brown, 139 So.2d 226, 229, made this appropriate observation:
“The unmistakable intent of the foregoing provisions is that no unem *192 ployed person shall be declared ineligible or disqualified from receipt of benefits under the act because of his refusal to accept employment in which his wages, hours or working conditions are substantially less favorable than those generally prevailing in the field ■of his particular endeavor. It would seem to follow that if an unemployed worker may not be denied benefits for refusal to accept employment under such conditions, we see no valid reason why an employer’s creation of similar conditions should not constitute good cause for leaving connected with the 'employment within the meaning and in-tendment of the phrase ‘good cause connected with his employment’ as used in Section 1601(1) of the statute.”
Cited by the defendant is the case of Friloux v. Administrator, Division of Employment Sec. of Dept. of Labor, La.App., 4th Cir., 1962, 136 So.2d 99. This .authority is clearly without application. There, an employee voluntarily resigned his position because, in a period of seven weeks, he had worked with four separate crews at six different locations. Such constant •changes were objectionable to him. He was also advised there was not likely to materialize an opportunity for overseas •employment which he desired, and, likewise, that an opportunity for advancement was limited. Not involved were the intolerable working hours and conditions such as existed in plaintiff’s employment. The •conclusion is inescapable that plaintiff, in the instant case, left his employment for good cause connected with his employment. He is entitled to the unemployment compensation benefits provided by the statute.
Therefore, the judgment appealed should be, and it is hereby, annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and De■creed there be judgment herein in claimant-appellant’s favor, and this cause is now remanded to the Board of Review, Division of Employment Security, Department of Labor, State of Louisiana, with instructions that an order issue directing the payment to plaintiff, Jesse Brown, of the unemployment compensation benefits to which he is entitled under the Louisiana Employment Security Law, LSA-R.S. 23:1471 et seq.; and it is so ordered.
Reversed, rendered, and remanded.