BOLIN, Judge.
Following his termination of employment with the Matthews Lumber Company, plaintiff sought employment benefits from defendant agency. The Appeals Referee decided the employee had left his employment without good cause and refused to certify him for benefits. This determination was affirmed by the Board of Review and plaintiff appealed to the District Court. After considering the record, the trial court reversed the decision of the Board of Review and concluded plaintiff was entitled to benefits, and the Administrator has appealed.
The evidence consisted solely of the testimony of the employee. He said he had been working for Matthews Lumber Com *26 pany for several years prior to his termination; that he had been employed by one Gathright, a foreman for the lumber company, who lived in Shreveport; that it was understood at the time of his employment he (the employee) would daily ride with the foreman from his home in Shreveport to the lumber company’s mill at Mansfield; that it was a part of the contract of employment he would be furnished such transportation free of charge. After having worked for his employer in such a manner for some three years, the foreman was discharged by Matthews Lumber Company. Under these circumstances, Haskett says he could not continue his employment at Mansfield because he had no other way of getting to and from work; that if he had to provide his own transportation it would not be economically feasible because his wages were small and his work was rather irregular.
As we view the case, the only question presented is whether plaintiff left his employment without good cause under LSA-Revised Statutes 23:1601(1). What constitutes good cause has been defined in many cases. One of the more recent cases, Flournoy v. Brown (La.App. 3 Cir., 1962) 140 So.2d 729, quotes at length from 81 C.J.S. Social Security and Public Welfare § 167 at page 253, as follows:
“ * * * The terms 'good cause’ and ‘personal reasons’ connote, as minimum requirements, real circumstances, substantial reasons, objective conditions, palpable forces that operate to produce correlative results; adequate excuses that will bear the test of reason; just grounds for action. In order to constitute good cause, the circumstances which compel the decision to leave employment must be real, not imaginary, substantial not trifling, and reasonable, not whimsical; there must be some compulsion produced by extraneous and necessitous circumstances. * * * ”
In Brown v. Brown (La.App. 2 Cir., 1963) 153 So.2d 190, this court on a like issue, analogizing from the rule that no work shall be deemed available and benefits shall not be denied an eligible individual, for refusing to accept work if the wages,, hours or conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality, held:
“ * * * It would seem to follow that if an unemployed worker may not be denied benefits for refusal to accept employment under such conditions, we see no valid reason why an employer’s creation of similar conditions should not constitute good cause for leaving connected with the employment within the meaning and intendment of the phrase ‘good cause connected with his employment’ as used in Section 1601 (1) of the statute. * * *”
Counsel for the administrator has conceded in brief that this precise question has never been decided by the Louisiana Appellate Courts. Of course many cases are cited to the general effect that where the contract does not otherwise provide, it is the duty of the employee to furnish his own transportation to and from work. We have no quarrel with this statement of the law, but we simply assert it has no application to the case at bar.
The only evidence in this case relative to the furnishing of transportation is the employee’s testimony that when he was employed by his foreman, the latter assured him he could ride to and from work with, him without any charge. Under these circumstances, we think when his immediate foreman ceased driving his car back and forth, the employee was justified in terminating his employment and the district court was correct in concluding he had not left his employment without good cause under the appropriate cited section of the Louisiana Revised Statutes.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.