PICKETT, Judge.
This is an appeal by Rosie Adams Bateman, a claimant for unemployment compensation, from a judgment of the District Court in and for East Baton Rouge Parish, affirming the decision of the Board of Review Division of Employment Security, wherein it was held that plaintiff had left her work without good cause connected with the employment, which is a disqualification for benefits under LSA-R.S. 23:1601.
The findings of fact by the Appeals Referee are as follows:
“The claimant worked for the above employer for seven days as a short-order cook for a rate of pay of $1.93 per hour. She was working from 6:00 p. m. until 11:00 p. m. each day. Her last night of employment with the company was the night of the curfew in Baton Rouge that began at approximately 9:00 p. m. The claimant was unable to obtain transportation home from her job and did not return after being employed for only a couple of days. The claimant was aware that there was no public transportation available after approximately 7:00 p. m. each evening. The claimant on many occasions had to pay a taxi to go home each night. The company does not provide transportation to and from work for its employees.”
*765 The gist of the plaintiff’s evidence on the issues involved is as follows:
“Well, I wanted the job and I intended to keep it, but due to the fact that I had to pay transportation to and from work —well, I caught a bus going to work, and I didn’t know that the bus stopped running after 6 o’clock, so therefore, I had to pay transportation, which was $3.80, home every night, and I was unable to support that expense because of my earnings. And I- tried to get people to bring me to work but they were reluctant, they couldn’t come, and I had to take taxis at home night and I was unable to pay this kind of expense.”
The claimant’s chief complaint is that she was unable to continue working because of the lack of transportation. Her work hours were from 6 p. m. until 11 p. m. each day. She could ride the bus to her job. But there was no public transportation available after approximately 7 p. m. each evening. The plaintiff contends that she did not know when she took the job that there would be no public transportation after approximately 7 p. m. in the evening. The only way she had to return home was to pay a taxi $3.80 to carry her home each evening. She was employed for a period of five hours at the rate of $1.93 per hour, and it took a sizeable portion of each day’s wages to secure transportation. In the hearing before the Appeal’s Referee, after explaining the difficulty she had in returning home on January 10, 1972, which was the night of the curfew in Baton Rouge following a confrontation between city police and the Black Muslims, she said: “I was real frightened and I didn’t go back because I didn’t have no means of transportation out there and I could not pay $3.80 a night to come home every night.”
Pertinent herein are the following provisions of LSA-R.S. 23:1601'(1):
“An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment without good ' cause connected with his employment.

* * * * * *
(3) If the administrator finds that he has failed, without good cause, either to apply for available, suitable work when so directed by the administrator or to accept suitable work when offered him

(a) In determining whether or not any work is suitable for an individual, the administrator shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence.”
Citing sub-paragraphs (1) and (3) (a) of Section 1601, above, claimant contends:
“While sub-paragraph 3 of the statute seems to apply only to initial acceptance of work when read alone and out of the context of the entire statute, it has been held that sub-paragraph 3 must be read in conjunction with sub-paragraph 1 to be applied, even in those situations where the Claimant has been employed for some length of time at ‘unsuitable’ employment. See for example, Brown v. Brown, 153 So.2d 190 (2nd Cir. 1963), wherein the Claimant had left his employment of long standing for good cause connected with his employment when it was- found by the Court that the employment conditions were unsuitable.”
It is well settled that for an employee to be eligible for benefits upon leaving employment, he must leave for good cause connected with his employment. Neal v. Administrator, Division of Employment Security, Department of Labor, 197 So.2d 393, and cases therein cited. If an employee leaves his job for good cause, he is *766 nevertheless disqualified to receive benefits if the cause is not work related. Hargrove v. Brown, 247 La. 689, 174 So.2d 120.
We understand Claimant’s argument to be that construed together, sub-paragraphs (1) and (3) (a) provide that in determining whether an employee is disqualified for leaving employment without good cause connected therewith, suitability of the employment left is as much at issue as suitability of available employment is pertinent in determining whether an employee is disqualified for failing to accept available employment.
In so contending, claimant relies upon Brown v. Brown, 153 So.2d 190. Extending her position, Claimant cites Johnson v. Administrator, Division of Employment Security, 166 So.2d 366, for the proposition that transportation costs are to be considered in determining suitability. In essence, claimant proposes that the same suitability test applicable in determining whether an employee has failed to accept available employment within the purview of sub-paragraph (3) (a), should be applied in determining whether an employee left employment for good cause within the ambit of sub-paragraph (1).
We reject this interpretation because we find a distinct difference between the situation covered in sub-paragraph (1), which concerns only whether an employee left employment for good cause connected therewith, and that involved in sub-paragraph (3) (a), which deals with a situation in which leaving for good cause is either conceded or established, and the sole issue is alleged failure without good cause to accept suitable employment with another employer.
A literal application of Claimant’s premise would completely change the nature of the initial inquiry provided for by sub-paragraph (1), which expressly restricts the scope of the issue to causes which are connected with the work the employee has left, and with which the former employer has some connection or over which he exercises control. It would substitute therefor inquiry into extraneous, unrelated matters having no connection with the former employment, and over which the employer has no control.
Johnson v. Administrator, Division of Employment Security, above, is inapposite since it dealt with a determination of whether the employee failed, without good cause, to accept available employment contrary to sub-paragraph (3)(a).
We find that in an inquiry pursuant to sub-paragraph (1), involving an employee’s alleged leaving employment without good cause connected therewith, suitability of the employment may be considered provided the alleged unsuitability is connected with the employment. Without doubt, the unavailability of public transportation during an employee’s normal working hours, and a resultant prohibitive cost of private transportation, can render a particular employment unsuitable. Johnson v. Administrator, Division of Employment Security, above. We note in Immel v. Brown, 143 So.2d 156, dicta to this same effect with which we are in agreement.
We likewise find the cost of transportation in this instance rendered Claimant’s employment unsuitable. The inquiry, therefore, is whether this unsuitability was work connected. In other words, was it related to Claimant’s employment or some facet or phase thereof with which the employer was connected or over which the employer exercised control ?
We note that in Haskett v. Brown, 165 So.2d 25, our brothers of the Second Circuit held that an employee left for good cause where transportation furnished by his foreman (pursuant to agreement upon employment) was discontinued when the foreman’s services were terminated. In Haskett, the court rejected as inapplicable the rule that where a contract of employment does not otherwise provide, it is the duty of an employee to furnish his own transportation. It appears the cited principle was held inapplicable because the con *767 tract of employment under consideration was shown to have contemplated that the employer would furnish transportation. We note also that, while the court found the employee left for good cause, there was no express finding that the cause was work connected. The clear import of the decision, however, is that the cause was work connected because transportation was furnished by the employer as a part of the employment contract. As interpreted, we are in complete agreement with Haskett, above.
In this instance, the record is clear that Claimant’s employer did not undertake or obligate itself to furnish transportation as a part of the Claimant’s compensation or to induce Claimant’s acceptance. Absent such an undertaking by the employer, the matter of transportation was purely personal to Claimant. Being, personal, it was not work connected. Claimant’s leaving for purely personal reasons disqualified her from eligibility for benefits. LSA-R.S. 23:1601(1).
For the foregoing reasons, we think the findings of fact by the Board of Review are supported by sufficient evidence, and therefore, the plaintiff is disqualified for the benefits claimed because of having left her employment without good cause connected with her employment.
For the reasons assigned, the judgment appealed is affirmed. All costs of his appeal are assessed against the plaintiff-appellant.
Affirmed.