STOULIG, Judge.
This is an appeal from a judgment denying Paul J. Boudreaux unemployment compensation. The claim stems from termination of employment by claimant from Vinson Guard Service, where he was employed as a security guard from March 4, 1976 through June 9, 1976. At the time he was hired, Boudreaux was advised he could be assigned to various locations by his employer including posts at Avondale and Good Hope, Louisiana. From March 4 through March 28, 1976 he was assigned to guard duty in Avondale. After March 28, 1976 until plaintiff voluntarily left his job in June, he was sent to a post in Good Hope, a distance of 24 miles from his home.
In his application for unemployment compensation benefits, Boudreaux stated he left his job because “ * * * it was too far away. My car is in bad shape & getting over to St. Charles Parish was too expensive * * After an administrative hearing his claim was disallowed on this basis:
“Your left your job because of transportation problems. Transportation to and from work is the responsibility of the employee. You quit your job for personal reasons.
“You left your job without good cause connected with the employment.”
After exhausting administrative remedies and completing an unsuccessful appeal to the district court, plaintiff again asserts before us he is entitled to unemployment compensation benefits because he left his job for good cause. R.S. 23:1601(1) provides for disqualification “if the administrator finds that he has left his employment without good cause connected with his employment.”
*1260 At the conclusion of the administrative proceedings and for the first time at the level of judicial review, the administrator has indicated the agency joins in with the plaintiff and agrees there is merit in his claim.
At first blush it would appear that the administrator’s acquiescence in the plaintiff’s claim should end the litigation because the language of R.S. 23:1601 indicates determination of eligibility or disqualification rests with the administrator. However, once the administrator has been cast in an adversary role throughout the administrative proceedings, it would appear that adoption of the plaintiff’s cause on judicial review cannot terminate the claim. In addition to the employee and the administrator, the employer also has an interest in the outcome because a decision may affect his future unemployment compensation insurance rate. R.S. 23:1531 et seq.
At this stage, our appellate review is limited to questions of law if the record before us supports the factual conclusions of the agency. R.S. 23:1634; Immel v. Brown, 143 So.2d 156 (La.App.3d Cir. 1962). The agency concluded Boudreaux was responsible for furnishing his own transportation to and from work; therefore, his decision to terminate his employment was not based on good cause.
We agree. It is true that unavailability of transportation to and from work or transportation at a disproportionate expense might in certain cases constitute just cause for leaving a job. In Haskett v. Brown, 165 So.2d 25 (La.App.2d Cir. 1964), an employee at a Mansfield lumber company was hired by a foreman of the employer with the understanding that the foreman would give him a ride to and from work every day at no extra cost to him. After several years the foreman was discharged and plaintiff had no transportation. It was determined he left his job for good cause when he lost his transportation because the employer’s agent had made the furnishing of transportation to the employee a condition of his being hired. In the instant case, plaintiff was not promised transportation when he was hired and he knew in advance he could be assigned to a post in Good Hope.
In Brown v. Brown, 153 So.2d 190 (La. App.2d Cir. 1963), the court reversed an adjudication of disqualification because the employee was promised certain working conditions when he was hired that his employer failed to fulfill. Of course, the distinguishing factor here is that plaintiff knew exactly where he could be assigned when he accepted the job.
A Supreme Court decision cited by appellant in support of his position is Bateman v. Howard Johnson Company, 292 So.2d 228 (La.1974). In that case the Court approved benefits to a worker who quit her job because the transportation costs were prohibitive; however, in reaching this result, the Court found as a fact she was not aware of the expense of transportation before accepting employment. In the case before us, plaintiff admits he was aware he could be assigned to Good Hope before accepting the job.
We conclude therefore that he terminated his employment without good cause connected with his employment and is disqualified from eligibility for unemployment compensation benefits.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
GULOTTA, J., dissents with written reasons.