364 So.2d 1367 (1978)
Julia LINGO, Plaintiff-Appellant,
v.
STATE of Louisiana, DEPARTMENT OF EMPLOYMENT SECURITY, et al., Defendants-Appellees.
No. 6670.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
*1368 Knoll & Knoll, Jerold E. Knoll, Marksville, for plaintiff-appellant.
Donald J. Wall, Baton Rouge, James A. Piper, James A. McGraw, Willie D. Maynor, Baton Rouge, for defendants-appellees.
Before CULPEPPER, DOMENGEAUX, and WATSON, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellant, Julia Lingo, filed this suit under the provisions of the Louisiana Employment Security Law, La.R.S. 23:1471, et seq. She was denied unemployment benefits by the Louisiana Department of Employment Security. In due course that denial was affirmed by the Appeals Referee and finally by the Louisiana Board of Review. Ultimately the action of the Board of Review was affirmed by the District Court.
In unemployment compensation cases the jurisdiction of our courts is confined to questions of law, and the findings of the Board of Review as to the facts, if supported by sufficient evidence, and in the essence of fraud, is conclusive.
*1369 The following issues are presented in this appeal:
(1) Did the Appeals Tribunal for the office of Employment Security deny plaintiff an opportunity to a fair hearing, namely, to present testimony and evidence in her behalf?
(2) Was plaintiff subjected to discriminatory and unfair treatment sufficient to constitute good cause for her resignation?
Plaintiff and her husband were employed at the Angola Penitentiary on the 5:00 A. M. to 1:00 P. M. shift. She was a nurse and he was a dietitian. Approximately two months before her resignation, Mrs. Lingo's working hours were changed to the 6:00 A. M. to 2:00 P. M. shift. When prison authorities denied plaintiff's request to return to the 5:00 A. M. to 1:00 P. M. shift, so that her schedule would coincide with her husband's, plaintiff resigned. The agency determination stated: "You quit your job after you were not allowed to transfer to the same shift as your husband. Your leaving was for a personal reason and without good cause connected with this employment."
Plaintiff's claim that the Referee denied her an opportunity to a fair hearing is without merit. Although the rules of evidence at administrative hearings of this type are more relaxed than rules of evidence in court proceedings, they are not so relaxed as to allow into evidence non-expert opinions and hearsay evidence. We do find that the Referee disallowed plaintiff's testimony when it consisted of hearsay and surmises. However, our review of the record indicates that the Referee did allow plaintiff and her witnesses to testify to all competent evidence. Our review of the record indicates that the Referee may have been rather punctilious in his conduct of the hearing, however, we cannot say that plaintiff was not provided a fair and impartial hearing.
The appellant further contends that she was subject to discriminatory and unfair treatment. She has failed to prove this. It is an employer's prerogative to revise work schedules. This option is limited only by contractual limitations on his freedom and by legal guarantees of equal treatment. These limitations do not proscribe legitimate changes which the employer feels benefits the organization, although simultaneously creating an inconvenience to the employee when, as here, no contractual limits have been proven.
Mrs. Lingo argues that it would be very "inconsiderate" to make her come to work one hour early with her husband and to make him wait one hour on her in the afternoon before they could return home together. Under the facts presented, we cannot say that this amounts to discrimination on the part of her employer.
For the above reasons, the judgment of the District Court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
WATSON, J., concurs and assigns written reasons.
WATSON, Judge, concurring:
I concur because the mere changing of one hour in a shift assignment did not, in my opinion, justify plaintiff in resigning her job. Under some circumstances, the changing of a work schedule may constitute good cause for leaving employment. See, for example, Trunkline Gas Company v. Administrator, Department of Employment Security of the State of Louisiana, et al., 364 So.2d 1365 (La.App. 3 Cir. 1978), which is distinguishable from the present case.