367 So.2d 1274 (1979)
COTTON BROTHERS BAKING COMPANY, INC., Plaintiff-Appellant,
v.
Alton BETTEVY, Defendant-Appellee.
No. 6829.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1979.
*1275 Stafford, Trimble, Randow & Smith by John C. Pickels, Alexandria, for plaintiff-appellant.
Alton Bettevy in pro per.
James A. McGraw, Baton Rouge, for defendant-appellee.
Before DOMENGEAUX, FORET and STOKER, JJ.
DOMENGEAUX, Judge.
This suit involves the failure to cancel wage credits earned by a discharged employee by the Department of Employment Security under La.R.S. 23:1601(2).
Defendant, Alton Bettevy, worked as a driver for plaintiff, Cotton Brothers Baking Company, Inc., of Alexandria, Louisiana, for twenty-one years. On April 22, 1977, while on duty for Cotton Brothers, he was arrested by the Bunkie Police Department and charged with driving while intoxicated. He was also issued a summons for using the wrong lane of traffic and for disturbing the peace. A photoelectric intoximeter test was administered at the time of arrest. Plaintiff had a reading of 0.215 percent.[1]
After notification of the arrest, the Distribution Superintendent for Cotton Brothers, Frank Goodwin, discharged defendant from his position. Subsequent to his termination of employment defendant pleaded guilty to and was fined for the charges involving wrong lane usage and disturbing the peace. The charge of driving while intoxicated did not proceed to trial.
Defendant applied for unemployment compensation benefits with the Office of Employment Security, pursuant to La.R.S. 23:1471, et seq. The initial determination made by the agency was to the effect that defendant was not disqualified from benefits because the charge of misconduct connected with his employment was unsubstantiated.
This determination was timely appealed by the employer, and a hearing was held before an Appeals Referee, pursuant to La. R.S. 23:1629. The Appeals Referee made the following findings of fact, which we quote in entirety:
"FINDINGS OF FACT: The claimant had worked for the named employer for twenty-one years as a Truck Driver for the rate of pay of $200.00 per week. He was scheduled to work from 6:00 P. M. to 1:00 A. M., five days per week, with Tuesday and Saturday off. He was discharged from his job by Mr. Frank Goodwin, and the reason given was that he had been arrested for DWI, driving in the wrong lane and disturbing the peace. Mr. Goodwin received a call on Friday night, April 22, 1977, at his home where [sic] the claimant stated he was in the city jail at Bunkie, Louisiana, and wanted him to come down and pick up the company equipment and also get him out of jail. At this time Mr. Goodwin went to Bunkie and after reading the Officers' report determined from the arrest report that he had cause to dismiss the claimant. Mr. LaBorde, the arresting officer, is qualified to test people to determine if [sic] the amount of alcohol that they have and whether they are considered legally drunk. The tests reads .10 is the legal limit for having alcohol on the breath before you can be charged for driving while intoxicated. The claimant's reading was .21, which is well above the legal limit. The claimant was held over and appeared before Judge Lee and paid a fine of $37.50 for disturbing the peace and $37.50 for driving in the wrong lane and Judge Lee dropped the DWI charge. However, the DWI charges appear on the report given by the officers. The claimant *1276 knew he could be discharged for driving while under the influence of alcohol. This was the only reason given for the claimant's discharge."
The Appeals Referee changed the agency determination and found that the claimant was disqualified from benefits under La. R.S. 23:1601(2). He also cancelled defendant's wage credits, pursuant to the same statute.
A timely appeal was filed by the claimant with the Board of Review, pursuant to La. R.S. 23:1630. After reviewing the evidence, the Board of Review affirmed the disqualification of benefits, but reversed the Appeals Referee insofar as he had cancelled wage credits earned by the employee with Cotton Brothers.
Cotton Brothers timely appealed the decision of the Board of Review to the Thirty-Fifth Judicial District Court, pursuant to La.R.S. 23:1634, contending error in that part of the Board of Review's decision which had ordered defendant's wage credits restored. The trial judge affirmed the Board of Review. The employer appeals to this Court.
The sole issue raised on appeal is whether the Board of Review was correct in refusing to cancel the wage credits of the claimant.
At the outset, we note that the scope of our appellate review in cases arising under the Louisiana Employment Security Law is expressly limited by statute. In unemployment compensation cases, our jurisdiction is confined to questions of law, and the findings of the Board of Review as to facts, if supported by sufficient evidence, and in the absence of fraud, is conclusive. La.R.S. 23:1634; Lingo v. State of Louisiana, Department of Employment Security, 364 So.2d 1367 (La.App. 3rd Cir. 1978).
La.R.S. 23:1601 sets forth the circumstances under which a claimant for unemployment compensation benefits can be disqualified from receiving such benefits. Particularly applicable to this case is sub-section 2 of the statute, which is concerned with discharge for misconduct. The sub-section states:
"An individual shall be disqualified for benefits:
(1) . . . .
(2) If the administrator finds that he has been discharged for misconduct connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) was not left his last work under disqualifying circumstances. In addition, if the administrator finds that such misconduct has impaired the rights, damaged or misappropriated the property of or has damaged the reputation of a base period employer, then the wage credits earned by the individual with the employer shall be canceled and no benefits shall be paid on the basis of wages paid to the individual by such employer.
. . . ."
As can be seen from a simple reading of the sub-section, there are two levels of consequences which can flow following discharge from a position by virtue of misconduct. First, an employee is disqualified from receiving benefits simply by virtue of misconduct. Second, if the misconduct is more severe, and thereby impairs the rights, damages or misappropriates the property of, or damages the reputation of the employer, then, in addition to disqualification from benefits, the wage credits earned by the employee with the employer are cancelled.
The argument of Cotton Brothers is that there was legally sufficient evidence at the hearing held before the Appeals Referee to find that the claimant's misconduct "has impaired the rights, damaged or misappropriated the property of or has damaged the reputation of" Cotton Brothers Baking Company, Inc. It thus contends that the Appeals Referee was correct in recognizing his mandatory duty to cancel wage credits, and that the Board of Review was incorrect in reinstating wage credits.
*1277 We do not feel that the Appeals Referee was justified in cancelling the wage credits. We have reviewed the transcript of the evidentiary hearing before the Appeals Referee, cognizant of our limited scope of review, and conclude that there was support for each of the findings of fact made by him. However, a simple reading of these factual conclusions, previously quoted earlier in our opinion, reveals that no finding was made which would require cancellation of wage credits earned by the claimant. Obviously, the Board of Review determined that the Appeals Referee erroneously applied the wage cancellation provision to the facts of this case and, accordingly, reversed him on this issue. This action was affirmed by the trial court, and we now affirm it on appeal. Under the facts, as presented in this case, there simply is no mandatory duty to cancel wage credits because the second level of misconduct, which requires such cancellation, has not been reached.
This case, in essence, is one of an employee intoxicated on the job. Fortunately, there was no accident or damage to company property involved. There was no theft. With regard to damage of the reputation of the employer, there has been no showing that Cotton Brothers' reputation, in fact, was hurt, simply because one of its drivers was arrested while driving a company vehicle.
Cotton Brothers attempts to find authority for reversal in the Supreme Court case of Dameron-Pierson Company v. Bryant, 245 La. 208, 157 So.2d 886 (1963). In that case, the Supreme Court affirmed the judgment of the First Circuit, which had affirmed the trial court's reversal of the Board of Review's refusal to cancel a claimant's wage credits. The agency determination of facts in that case was that the termination of employment was due to drinking on the job and becoming involved in an automobile wreck while operating a company vehicle. The Supreme Court stated that, having made such a determination, the administrator was under a mandatory duty under La. R.S. 23:1601(2) to cancel the claimant's wage credits.
Clearly, the Bryant case is distinguishable from the case presently before us. In our case, there was no finding of fact which mandated the application of the wage cancellation provision in the statute. In Bryant, there was an accident involving a company vehicle. This, purely and simply, is the distinguishing factor. We thus hold that the trial judge was correct in refusing to upset the decision of the Board of Review. The claimant's wage credits should not be cancelled.
For the above reasons the judgment of the District Court is affirmed. All costs are assessed against the plaintiff-appellant, Cotton Brothers Baking Company, Inc.
AFFIRMED.
NOTES
[1] In Louisiana, a person whose blood contains 0.10 percent by weight of alcohol is presumed to be under the influence of alcohol, subject to certain restrictions. La.R.S. 32:661.