CHEHARDY, Judge.
Plaintiff, Joseph E. Schielder, appeals a district court decision in favor of defendants, Louisiana Office of Employment Security and Schwegmann Brothers, and against the plaintiff, denying his motion to remand his case to the Board of Review of the Louisiana Office of Employment Security for the taking of additional evidence.
This case originally came before the Louisiana Board of Review on an appeal filed by the plaintiff from a decision of an appeals referee, declaring that the determination of the agency disqualifying the plaintiff for unemployment benefits and canceling his wage credits with employer account No. 050894 for use to compute unemployment insurance benefits. The Board of Review denied the plaintiff’s appeal and ordered that the decision of the appeals referee be affirmed. The plaintiff then lodged an appeal in this matter with the district court pursuant to the provisions of LSA-R.S. 23:1634.
LSA-R.S. 23:1634 also states in part:
“ * * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the *1293 court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file such additional or modified findings and conclusions, together with a transcript of the additional record, with the court. * * * ”
Sehielder now argues on appeal that the district court should have ordered additional evidence to be taken before the Board of Review due to the allegations that new evidence has been found, plaintiff was not represented by counsel at the initial hearing, plaintiff was found “not guilty” in a criminal proceeding involving the facts surrounding the present case, and the findings of the referee of the Louisiana Office of Employment Security were arbitrary and capricious.
We cannot agree. The statutory law and jurisprudence surrounding cases such as the present one are very clear. In the case of Cotton Bros. Baking Co., Inc. v. Bettevy, 367 So.2d 1274 (La.App.3d Cir. 1979), the court articulated the scope of review applicable in the present case and also examined the provisions of LSA-R.S. 23:1601, under which the plaintiff in the present case was also denied wage credits, at 1276:
“At the outset, we note that the scope of our appellate review in cases arising under the Louisiana Employment Security Law is expressly limited by statute. In unemployment compensation cases, our jurisdiction is confined to questions of law, and the findings of the Board of Review as to facts, if supported by sufficient evidence, and in the absence of fraud, is conclusive. La.R.S. 23:1634; Lingo v. State of Louisiana, Department of Employment Security, 364 So.2d 1367 (La.App.3rd Cir. 1978).
“La.R.S. 23:1601 sets forth the circumstances under which a claimant for unemployment compensation benefits can be disqualified from receiving such benefits. Particularly applicable to this case is subsection 2 of the statute, which is concerned with discharge for misconduct. The sub-section states:
‘An individual shall be disqualified for benefits:
(1) .. ..
(2) If the administrator finds that he has been discharged for misconduct connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) was not left his last work under disqualifying circumstances. In addition, if the administrator finds that such misconduct has impaired the rights, damaged or misappropriated the property of or has damaged the reputation of a base period employer, then the wage credits earned by the individual with the employer shall be canceled and no benefits shall be paid on the basis of wages paid to the individual by such employer.

“As can be seen from a simple reading of the sub-section, there are two levels of consequences which can flow following discharge from a position by virtue of misconduct. First, an employee is disqualified from receiving benefits simply by virtue of misconduct. Second, if the misconduct is more severe, and thereby impairs the rights, damages or misappropriates the property of, or damages the reputation of the employer, then, in addition to disqualification from benefits, the wage credits earned by the employee with the employer are cancelled.”
In the plaintiff’s case, the appeals referee made the following findings of fact:
“The claimant worked for the named employer from 7-14-78 until 9-5-79. As of his last day of employment, he was classified as a porter. He had been previously an assistant floor supervisor. This was a full time job and the claimant earned as a porter, $3.25 per hour. On the claimant’s last day of work, he was observed taking 2 grocery bags full of dog food to a cashier check out counter. Previously, a customer had requested the *1294 claimant to be paged and this was done by Ms. Jacqueline Roger, customer service clerk. Thereafter, the claimant was confronted by Mr. Steve Lougee, Security Office, concerning the merchandise. It was learned that the claimant had marked down the merchandise for the customer. The claimant had no authorization to mark down the merchandise. The retail value of the merchandise was $81.44 and the claimant had marked down the merchandise to $31.70. The merchandise had not previously [been] marked down and the claimant had obtained the merchandise from the regular bin and not from a damaged bin. Prior to this incident, the claimant had been warned concerning unauthorized marking down of merchandise. As an assistant floor supervisor, the claimant did have authority to mark down merchandise, but did not have the authority as a porter which was his job as of his last day of employment, 9-5-79. Upon being confronted, the claimant did admit that he had marked down the merchandise and had done so previously for this particular customer. Because of this action, the claimant was discharged.”
A review of the transcript of the administrative hearing before the appeals referee completely supports his above-quoted findings of fact. The plaintiff, in his position as a porter, had no authority to mark down merchandise, and there was a great deal of testimony from Schwegmann employees indicating that thé marked down dog food in this case would not have been considered damaged merchandise. Moreover, Schielder admitted he had been told previously not to mark merchandise down. Because the findings of fact of the Louisiana Office of Employment Security are supported by sufficient evidence, therefore, they are conclusive and both this court and the district court are bound by them. Under the provisions of LSA — R.S. 23:1601, furthermore, the plaintiff was properly denied both benefits and wage credits accumulated on that employer’s account.
Neither is there any merit to the plaintiff’s argument that his constitutional rights were violated because he was not represented by counsel at the administrative hearing. Although he certainly had the right to be represented by counsel at this hearing, if he had chosen to do so, the denial of unemployment compensation benefits carries with it no type of criminal penalties and this court finds no basis in law that in such an administrative hearing a party must be guaranteed representation by counsel. The allegation that the plaintiff was found not guilty of criminal charges evolving from the factual situation in the present case is completely irrelevant to the matter before this court. Although the district court, under the provisions of LSA-R.S. 23:1634, “may” have ordered additional evidence to be taken before the Board of Review, we find no abuse of discretion in his decision to deny the plaintiff’s request for such an order.
For the reasons assigned, the decision of the district court is affirmed.

AFFIRMED.