GUIDRY, Judge.
In this case, plaintiff, Sline Industrial Painters, Inc. (hereafter Sline) seeks judicial review of awards of unemployment compensation benefits to several of its employees under the Louisiana Employment *83 Security Law (LSA-R.S. 23:1471 et seq).[1] This matter was consolidated at the trial level and remains consolidated on appeal with the case entitled Julie W. Jolly v. Administrator, Division of Employment Security and Sline Industrial Painters, Inc., which latter case bears our docket number 82-47, 417 So.2d 85 (La.App.). A question as to the timeliness of Jolly’s appeal to the Appeals Referee required a separate filing, however, ultimately it was determined that Jolly’s appeal to the Appeals Referee was timely and this determination is now final. The issues in both suits are identical and although we will discuss such issues in one opinion, we will render a separate decree in the Jolly case.
On May 1, 1980, as a result of a contract dispute, Iron Workers Local No. 678 went on strike. Pursuant to the aforesaid strike, the iron workers established picket lines at a majority of the industrial plants in the Lake Charles, Louisiana area. The claimants in the present suit were unemployed from May 1, 1980 to May 24, 1980, which represents that period of time in which the iron workers were on strike. It is this period of time for which claimants sought unemployment benefits. Multiple claims for unemployment compensation benefits were filed and such claims were consolidated for decision. All of the claimants were employees of Sline at the time in dispute. None of the aforementioned claimants were members of Iron Workers Local No. 678.
The claimants initially filed for unemployment benefits with the Office of Employment Security, a division of the Louisiana Department of Labor (hereafter the Department). The Department denied their claims after concluding that the claimants were disqualified from receiving benefits because they were unemployed as a result of a labor dispute in which they were participating and/or in which they were interested. LSA-R.S. 23:1601(4).
The claimants timely appealed their disqualifications and all appeals were consolidated for hearing pursuant to LSA-R.S. 23:1631. After a joint hearing the Appeals Referee reversed the decision of the Department. In his written decision, the Appeals Referee extensively reviewed the testimony of the several witnesses who testified and ultimately concluded as follows:

“From the facts and testimony presented and a review of the records in this case it must be concluded that the claimants were unemployed as a result of a labor dispute. However, the claimants have shown that they in no way participated in, were not interested in, nor did they benefit in any way from the outcome of the labor dispute. Further, it has been shown that equipment had been cleaned and secured and some of the equipment had been removed from the job site prior to the pickets being established. Further, although the employer contends that work was available there was not any supervision on the job site nor were safety permits, which are required on a daily basis, picked up by the employer. The employer did not make any effort to secure people to man the job sites in question. Based on the above, it must be concluded that the claimants in this instant case could not have performed work on the job site since they did not have any supporting crafts nor did they have equipment needed to perform their jobs.”

Sline timely appealed the decision of the Appeals Referee to the Louisiana Board of Review. LSA-R.S. 23:1630. After reviewing all the testimony, evidence, and the records in the instant matters, the Board of Review concluded that the claimants would have reported to work and would have worked had work been available in their craft. Additionally, the Board concluded that the claimants did not assist or participate in the iron workers strike; were not involved in any dispute with Sline at the time; and did not benefit in any way from the strike. The Board ultimately concluded that the decision of the Appeals Referee was supported by sufficient evidence and affirmed the same. Thereafter, Sline filed *84 a petition for judicial review with the Fourteenth Judicial District Court for the Parish of Calcasieu, Louisiana. LSA-R.S. 23:1634. The district court, after reviewing the evidence received during the prior administrative proceedings, affirmed the decision of the Louisiana Board of Review. Sline appeals from that judgment.
On appeal, Sline contends that the administrative bodies and the district court erred in concluding that the claimants are entitled to unemployment compensation benefits because the claimants failed to sustain their burden of proof regarding their lack of participation or interest in the subject labor dispute. In this regard, Sline argues that the record lacks sufficient evidence to support the findings of the Appeals Referee which were subsequently affirmed by the Board of Review.
In Cotton Brothers Baking Company, Inc. v. Bettevy, 367 So.2d 1274 (La.App. 3rd Cir. 1979), our court, in setting forth the scope of appellate review of suits arising under the Louisiana Employment Security Law stated:

“At the outset, we note that the scope of our appellate review in cases arising under the Louisiana Employment Security Law is expressly limited by statute. In unemployment compensation cases, our jurisdiction is confined to questions of law and the findings of the Board of Review as to facts, if supported by sufficient evidence, and in the absence of fraud, is conclusive. La.R.S. 23:1684; Lingo v. State of Louisiana, Department of Employment Security, 364 So.2d 1367 (La.App. 3rd Cir. 1978).”

There has been no allegation of fraud. Thus, the issue presented to this court involves a determination of (1) whether the factual findings of the Board of Review are supported by sufficient evidence in the record; and, (2) whether the Board, after making such findings of fact, correctly applied the law to the same.
We have carefully reviewed the record of the evidentiary hearing before the Appeals Referee and conclude that there was sufficient support for each of the findings of fact made by him.
Having concluded that the factual conclusions of the Appeals Referee, subsequently affirmed by the Board of Review and the trial court, are supported by the record, we must now determine whether or not the Board of Review correctly applied the law in determining that the claimants are entitled to unemployment benefits for the period in dispute. Our review of the record and the applicable statutory authority reveals that the Board of Review correctly applied the law in its conclusion that the claimants are entitled to unemployment benefits. LSA-R.S. 23:1601 sets forth the circumstances under which a claimant for unemployment benefits can be disqualified from receiving the same. Pertinent to our discussion is subsection 4 of that statute which pertains to disqualification due to ongoing labor disputes. The aforesaid subsection provides:

“An individual shall be disqualified for benefits:

* * sfs * * *

(4) For any week with respect to which the administrator finds that his unemployment is due to a labor dispute which is in active progress at the factory, establishment, or other premises at which he is or was last employed; but such disqualification shall not apply if it is shown to the satisfaction of the administrator that he is not participating in or interested in the labor dispute which caused his unemployment. For the purposes of this Sub-section, if separate branches of work which are commonly conducted as separate businesses in separate premises, are conducted in separate departments of the same premises, each such department shall be deemed to be a separate factory, establishment or other premises.”

Since the claimants have affirmatively shown that they were not interested in nor participated in the labor dispute which caused their unemployment, there appears to be no prohibition regarding the award of such benefits to them. Thus, we find that the Board of Review correctly applied the law to the facts of the instant matter.
*85 For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff, Sline Industrial Painters, Inc.
AFFIRMED.

. This matter involves the claims of some 107 employees of Sline, all of whom sought unemployment compensation benefits for the period from May 1, 1980 through May 24, 1980.