427 So.2d 645 (1983)
Margie M. DUBOIS
v.
LOUISIANA DEPARTMENT OF LABOR, OFFICE OF EMPLOYMENT SECURITY, State of Louisiana, Board of Review for the Office of Employment Security, Willie Dipaola, Jesse D. McClain, Russell Haberman; Vincent Falcone; and The Louisiana Department of Health and Human Resources.
No. 82-C-10.
Court of Appeal of Louisiana, Fifth Circuit.
February 7, 1983.
*646 Joel P. Loeffelholz, New Orleans, for Margie M. Dubois, plaintiff-appellee.
James D. Caldwell and Ann Metrailer, Jonesboro, for Louisiana Dept. of Health and Human Resources, defendant-appellant.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
CHEHARDY, Judge.
Plaintiff Margie M. Dubois was employed by the Belle Chasse State School, an agency of the Louisiana Department of Health and Human Resources, as a secretary at a salary of $1,611 per month. Following her discharge she applied for unemployment compensation.
The initial determination of plaintiff's ineligibility to receive such compensation was based upon a finding that plaintiff was discharged for excessive tardiness without a valid excuse, had been warned prior to dismissal and was discharged for misconduct connected with her employment. This determination was made by the Louisiana Department of Labor, Office of Employment Security.
Plaintiff appealed the determination to an appeals referee of the Department. Following a hearing thereon, the referee upheld the determination of the Department, denying plaintiff benefits. Plaintiff then appealed the referee's decision to the Board of Review of the Department, which affirmed the referee's decision.
Plaintiff next appealed to the appropriate district court. Named defendants with which we are here concerned are the Louisiana Department of Health and Human Resources and the Administrator of the Office of Employment Security of the Louisiana Department of Labor. The Department of Health and Human Resources answered in the form of a general denial, but the answer of Herbert L. Sumrall, Administrator of the Office of Employment Security, answered praying that the decision of the Board of Review be reversed, thus espousing plaintiff's position.
The district court reversed the judgment of the Louisiana Board of Review upon a finding that there was "no legal evidence to support a finding that Margie M. Dubois was intentionally tardy for work," and rendered judgment in favor of plaintiff granting no disqualification for employment benefits, and awarding plaintiff all past benefits; the Administrator of the Louisiana Office of Employment Security was ordered to fix attorney's fees in the matter,[1] and the Department of Health and Human Resources was cast for all costs.[2]
Only the Department of Health and Human Resources has appealed. Plaintiff has answered the appeal requesting damages and attorney's fees for frivolous appeal.
In this court, appellant contends the judgment of the trial court should be reversed because it failed to properly apply the standard for judicial review in accordance with R.S. 23:1634.
Our judicial review, as provided in R.S. 23:1634, in matters of this kind, is confined to questions of law. The findings of the Board, as to the facts, if supported by sufficient evidence, and in the absence of fraud, are conclusive. Cox v. Lockwood, 373 So.2d 246 (La.App. 4th Cir.1979); Benward v. Gerace, 370 So.2d 660 (La.App. 4th Cir.1979); Cotton Bros. Baking Co., Inc. v. Bettevy, 367 So.2d 1274 (La.App. 3d Cir. 1979); Dorsey v. Administrator, Louisiana Dept., Etc., 353 So.2d 363 (La.App. 1st Cir. 1977).
Judicial review of the findings of the Board of Review does not permit the weighing of evidence, drawing of inferences, re-evaluation of evidence or substituting the views of the court for that of the Board of Review as to the correctness of the facts. Smith v. Gerace, 339 So.2d 410 (La.App. 1st Cir.1976); Dunigan v. Admin. of Dept. of *647 Emp. Sec., 351 So.2d 807 (La.App. 1st Cir. 1977).
At the hearing plaintiff testified on her own behalf and the employing unit was represented by the personnel director of the Belle Chasse State School and a consultant with the Unemployment Compensation Control System (UCCS).
The business records in the employee's file clearly reflect that she received 18 written statements from her immediate superior from August 5, 1980 to February 11, 1981. The first letter established plaintiff's duties and her hours, and the remainder relate to problems concerning her tardiness. Plaintiff received memos, counseling, personal discussions, reprimands, one 3-day suspension and one 5-day suspension. She was late 16 times in seven months.
While plaintiff does not deny she was tardy, she claims her tardiness was unintentional and amounted to only a few minutes on most occasions. The trial court found no legal evidence to support the claim that plaintiff was intentionally late for work.
We agree with the trial court's conclusion only because the testimony and documents presented by the personnel director as part of plaintiff's personnel file constitute hearsay evidence. Plaintiff's superior who wrote the letters, memos, reprimands, and suspensions was the one person fully acquainted with plaintiff's misconduct. He was not called upon to testify. It therefore appears that the Board's determination was based solely upon hearsay evidence.
In the absence of competent legal evidence appellant has not borne its burden of proving the discharge resulted from disqualifying misconduct. As stated in Hall v. Doyal, 191 So.2d 349 (La.App. 3d Cir.1966):
"The courts have thus interpreted the requirement that the administrative findings be supported by `sufficient' evidence as requiring that the supporting evidence be `competent' testimony, not secondhand or hearsay. * * *" (Emphasis ours.)
For the reasons outlined above we adhere to the judgment of the trial court.
We do not, however, find merit in plaintiff's answer to the appeal. It is her position that inasmuch as the Louisiana Department of Labor, Office of Employment Security did not appeal, and subsequently paid the benefits as required by law, the only issue before the court, as far as the defendant Louisiana Department of Health and Human Resources is concerned, is the judgment for court costs, and that consequently since the costs amount to only $85, the appeal is frivolous.
A somewhat similar situation was presented in the case of Boudreaux v. La. Bd. of Review, Etc., 363 So.2d 1258 (La.App. 4th Cir.1978), wherein the administrator of the Office of Employment Security joined the plaintiff and admitted there was merit to his claim.
The court said:
"* * * [A]doption of the plaintiff's cause on judicial review cannot terminate the claim. In addition to the employee and the administrator, the employer also has an interest in the outcome because a decision may affect his future unemployment compensation insurance rate. R.S. 23:1531 et seq."
While the case was reversed on other grounds, the Supreme Court acknowledged the interest of the employer in the litigation because of its contribution to the fund out of which such a claim would be satisfied. Boudreaux v. La. Bd. of Review, Etc., 374 So.2d 1182 (La.1979); R.S. 23:1531 et seq.
The funding of this employer is set forth in R.S. 23:1552. Its appeal was neither frivolous nor limited to court costs, and plaintiff is not entitled to the award for frivolous appeal or attorney's fees which she seeks.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] The administrator alone is vested by law with authority to fix attorney's fees when the claimant is declared by the court to be entitled to benefits. R.S. 23:1692.
[2] R.S. 23:1548 and R.S. 13:512(c) exempt the administrator from paying court costs in judicial review proceedings and the claimant is exempt from court costs under R.S. 23:1692.