BARRY, Judge.
Plaintiff filed a petition for judicial review of a decision by the Employment Security Board of Review which denied unemployment benefits. The trial court reversed the Board of Review and plaintiffs employer, Algiers Iron Works, appeals.
Plaintiff testified he worked as a welder for seven to eight months and around June 3, 1982 he left to go into active service in the Navy because his employer was laying off workers. He said no one told him he would be terminated and he quit without giving notice. The Louisiana Department of Employment Security notified plaintiff on February 26,1983 that he was not qualified for benefits.
The Appeals Referee found he left his employment to return to active duty which was not for good cause connected with his employment. See La.R.S. 23:1601(1). On May 23,1983 the Referee ordered the agency’s disqualification as of June 3, 1982 be affirmed. The Board of Review affirmed the Referee and mailed its notice on July 29, 1983.
On July 29, 1983 plaintiff filed a pro se complaint in Federal Court, but his employer was not made a defendant. The docket-master shows that case is still active with a status conference set in March, 1985.
On December 5, 1983 plaintiff filed a petition in Orleans District Court contesting the Board of Review decision. Named as defendants are the Administrator of the Department of Employment Security and Algiers Iron Works. Pursuant to La.R.S. 23:1634 the Department of Employment Security sent a certified copy of the petition to Algiers Iron Works. The Department admitted petitioner was entitled to judicial review. In a subsequent letter stating it would not oppose a reversal by the court, the Department submitted that the facts were sufficient to establish that plaintiff had good cause to leave due to his imminent lay-off. The Department noted it would not file an exception of peremption due to plaintiff’s petition in federal court.
Algiers Iron Works filed an exception of peremption, but no ruling is in the record. The district court reversed the Board of Review and ordered payment of unemployment benefits. Algiers Iron Works’ application for a new trial was dismissed and it now appeals.
The employer argues that peremption is applicable and alternatively the trial court erred by reversing the Board of Review. We find peremption applies and pretermit the other issue.
La.R.S. 23:1630 provides that the Board of Review decision “shall be final unless within fifteen days after the mailing of notice thereof to the party’s last known address, or in the absence of such mailing, within fifteen days after the delivery of such notice, a proceeding for judicial review is initiated pursuant to R.S. 23:1634.” R.S. 23:1634 declares that judicial review is obtained by “filing in the district court of the domicile of the claimant....” The Board of Review decision was mailed July 29, 1983 and the petition in state court was filed December 5, 1983. Because plaintiff filed his complaint in federal court on July 29,1983, the question is whether that filing preserved his right to state review.
*725 The employer correctly contends that the statutory fifteen days is a peremp-tive period. See Scalfano v. Doyal, 177 So.2d 398 (La.App. 3rd Cir.1965). The fact that the Administrator, a nominal party to the proceedings, Delta Air Lines, Inc. v. Brown, 115 So.2d 903 (La.App.Orl.1959), did not file an exception and aligned itself with plaintiff is immaterial. The employer has an interest in the outcome because an adverse decision may affect his future insurance rate. Dubois v. Louisiana Department of Labor, Office of Employment Security, 427 So.2d 645 (La.App. 5th Cir.1983); Boudreaux v. Louisiana Board of Review, 363 So.2d 1258 (La.App. 4th Cir.1978), reversed on other grounds 374 So.2d 1182 (La.1979).
The doctrine of peremption, first discussed in Guillory v. Avoyelles Ry. Company, 104 La. 11, 28 So. 899 (1900), has repeatedly been distinguished from prescription. The result is a jurisprudential dichotomy largely unsupportable. Comment, Legal Rights and the Passage of Time, 41 La.L.Rev. 220 (1980). Under La.C.C. Art. 3458, enacted in 1982, “[pjeremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.” The comments to this provision along with the other articles on peremption, Arts. 3459, 3460 and 3461, all state they do not change the law or that they clarify the law. However, ease law is not clear. Arts. 3460 and 3461 distinguish peremption from prescription since peremption may be supplied by the court on its own motion and may not be renounced, interrupted or suspended. However, the Official Comments to Art. 3461 provide that when an action asserting a right subject to peremption has been commenced or served as provided in Art. 3462 (dealing with interruption of prescription) the right has been exercised and as long as the action is pending, the lapse of the per-emption period does not extinguish the right involved.
Thus, the focus is narrowed to La.C.C. Art. 3462 which provides:
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
Plaintiff cannot prevail regardless of whether the doctrine of uninterruptible peremption is strictly implied, see Pounds v. Schori, 377 So.2d 1195 (La.1979), or whether deference is paid to the Official Comments and La.C.C. Art. 3462. Under Art. 3462, regardless of whether federal court is considered “competent” jurisdiction, Algiers Iron Works was not named a defendant or served within fifteen days. A prior petition interrupts prescription only as to defendants named in the petition relied upon for interruption in the absence of solidary liability between an unnamed defendant and a named defendant. Martin v. Mud Supply Company, Inc., 239 La. 616, 119 So.2d 484 (1960); Melancon v. Tassin Amphibious Equipment Corporation, 427 So.2d 932 (La.App. 4th Cir.1983), writ denied 433 So.2d 166 (La.1983).[1]
Even if R.S. 23:1634 applied to federal court, the Administrator is required to “send by registered mail to each other party to the proceeding a copy of the petition, and such mailing shall be deemed to be completed service upon all parties.” This did not occur.
The district court judgment is reversed and the Board of Review’s decision is reinstated.
REVERSED.

. Although case law interprets the source provisions to the present La.C.C. Art. 3462, the new statute does not change the law and the Official Comments state that jurisprudence remains relevant.