KNOLL, Judge.
The plaintiff has appealed from decisions of the appeals referee, board of review and district court which denied his claim for unemployment benefits because he was discharged by the employer for misconduct.
The Board of Review’s findings of fact are conclusive unless the appellate court finds insufficient evidence to support such findings. LSA-R.S. 23:1634; Cotton Bros. Baking Co., Inc. v. Bettevy, 367 So.2d 1274 (La.App. 3rd Cir.1979). There must be legal and competent evidence to support the factual findings on which the administrative decision turns. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981).
The findings of fact of the appeals referee were these:

*50
“The claimant worked for this employer for about two and a half years to September 15, 1983, as a delivery truck driver, earning $6.30 per hour. He was scheduled to work from 5:00 a.m. until his route was completed each day, four or five days per week. On September 12, 1983, the claimant was assigned a route in which he was required to make a delivery in Baton Rouge, Louisiana. After claimant made the delivery, the transportation supervisor received a telephone call that the claimant had attempted to sell merchandise to the manager. On September 15, 1983, the transportation supervisor obtained a signed statement from the manager which stated that the claimant had attempted to sell her three cases of meat from the truck. When the claimant was questioned about the allegations, he only replied that he was checking himself out and did not explain what he meant by that expression. The claimant did not admit or deny that he had offered to sell the merchandise. The claimant was then told by the transportation supervisor that he was being suspended pending further investigation of the incident. On September 20, 1983, the claimant was informed by the transportation supervisor that he was being terminated from the employment. At the hearing the claimant maintained that he did ask the store manager if she wanted to buy some merchandise but denied that it was meat. He stated that it was personal items he was trying to sell for somebody else. The transportation supervisor maintained at the hearing that at no time did the claimant tell him that the merchandise he was offering for sale was personal or that it belonged to anybody else. The claimant was aware of the employer’s policy that he was not to sell merchandise while on his route. ”

The referee concluded the evidence did not indicate that the merchandise plaintiff attempted to sell actually belonged to the employer (with which we are not inclined to agree, but are nevertheless bound), but “he was still in the process of selling merchandise while making his deliveries”; and thus he knowingly violated the company’s rule and policy. Contrary to plaintiff’s contention in this court, the referee did not consider the hearsay statement of the customer concerning what was involved in the attempted sale. Instead he found, and correctly so, that the company rules prohibited its drivers from selling “anything off the truck”, they being authorized only to deliver merchandise previously ordered by the employer’s customers.
From our review, we are convinced that the decision disqualifying the employee from benefits for misconduct was amply supported by legal and competent evidence, there was no fraud involved and it is correct as a matter of law. Accordingly, the judgment of the district court is affirmed.
AFFIRMED.