ETHEL M. WOLFE, Appellee, v. IOWA UNEMPLOYMENT COMPENSATION COMMISSION (now Iowa Employment Security Commission) et al., Appellants.

No. 46217.

FEBRUARY 16, 1943.

Edward A. Doerr, of Davenport, for the Blackhawk Hotel Company, appellant.

J. Charles Crawley and Homer M. Lyon, both of Des Moines, for Iowa Employment Security Commission, appellant.

E. C. Willis, of Davenport, for appellee.

OLIVER, J.—Appellee, Ethel M. Wolfe, was an employee of appellant Blackhawk Hotel Company, in the Blackhawk Hotel, in Davenport. She worked as a chambermaid, under a Miss Twohey, the head housekeeper. Her usual duties were to clean and care for seventeen guest rooms on the third floor of the hotel. She ceased working in November 1940, and thereafter made claim for unemployment-compensation benefits under chapter 77.2, Code of Iowa, 1939.

Section 1551.11 of the Code provides in part as follows:

"An individual shall be disqualified for benefits:

"A. Voluntary quitting. If he has left his work voluntarily without good cause attributable to his employer, if so found by the commission."

The appeal tribunal provided for by Code section 1551.12 found appellee did leave her work voluntarily without good cause attributable to her employer and held she was disqualified for benefits. Upon review by the commission, additional evidence was taken, the decision of the appeal tribunal was affirmed, and findings were made, in part, as follows:

"That claimant was warned by the housekeeper on several occasions that she must do better work but claimant's work failed to improve as ordered by the housekeeper. From testimony of the record in this case, two employees of the Blackhawk Hotel who worked there at the same time the claimant did and who had worked there for several years, testified that the criticism of the claimant's work by the housekeeper was just and constructive.

"That claimant was not discharged for inefficiency in connection with her work nor for any other cause but that she did voluntarily quit her job without good cause attributable to her employer."

Thereupon appellee instituted in district court this proceeding (appeal) to review said decision. The district court held the evidence insufficient to support the decision of the commission, made a different finding of facts, reversed the decision, held appellee quit her job with good cause attributable to her employer, and awarded appellee unemployment benefits.

Code section 1551.12 is, in part, as follows:

"J. Decision on appeal. Any order or decision of the commission may be modified, reversed, or set aside on one or more of the following grounds and on no other: [Subdivisions 1 and 2 are not here involved.]

"3. If the facts found by the commission do not support the order or decree.

"4. If there is not sufficient competent evidence in the record to warrant the making of the order or decision."

In enacting said division J the legislature evidently took over Code section 1453, which applies to appeals from the industrial commissioner and made identical provisions applicable to orders or decisions of Iowa Employment Security Commission.

Code section 1551.12 (I) provides in part:

"In the absence of fraud any finding of fact by the commission, * * * , shall be binding upon the court on appeal, when supported by substantial and competent evidence."

This is similar to a provision of Code section 1452:

"In the absence of fraud the findings of fact made by the industrial commissioner within his powers shall be conclusive."

It has been repeatedly held, under Code sections 1452 and 1453, that where the facts are in dispute, or where reasonable minds may differ on the inferences to be drawn from the proven facts and circumstances, the findings of the industrial commissioner are conclusive. If the evidence presents a question which should have been submitted to a jury if the trial were before a jury, then the court is bound by such findings. Reddick v. Grand Union Tea Co., 230 Iowa 108, 296 N. W. 800; Reynolds v. George & Hoyt, 230 Iowa 1267, 300 N. W. 530. Such holdings

are likewise applicable to findings of Iowa Employment Security Commission.

In this case many of the facts were in dispute. However, there was substantial and competent evidence that, although appellee's work was hard, she was required to do no more than the average chambermaid throughout the country and other chambermaids in said hotel; that the employees of the hotel were well treated by their supervisors; that appellee was not discriminated against; that she was slovenly in her person and did not obey instructions to correct this; that her work was not thorough and she did not keep the rooms clean; that Miss Twohey criticized appellee's work (as well as that of other maids) when not properly done; and that such criticisms were justified and were constructive.

Appellee quit her employment one morning after Miss Twohey had criticized her work. Appellee testified she told Miss Twohey she was quitting, ''Because if my rooms were as * * * filthy dirty as she said they was, and it took her a whole year to find it out, I did not want to work for them.''

The facts found by the commission were supported by substantial evidence and, upon appeal, were binding upon the district court and this court. A different finding of facts by the court, based upon conflicting evidence, was not justified.

From the facts, as found by it, the commission concluded and decreed that appellee left her work voluntarily without good cause attributable to her employer. It is clear she left of her own volition and was not discharged. See Margoris v. United States R. R. Admn., 187 Iowa 605, 174 N. W. 371. Apparently, appellee left because she was dissatisfied with the work, working conditions, and the criticisms of her work by her supervisor. But the facts, as found, do not show her leaving was with good cause attributable to her employer.

Each case of this character must turn upon its own facts. No case directly in point has been called to our attention. Statutory provisions in other jurisdictions differ somewhat from those of this state. However, the following appear to have some bearing upon the proposition: Iowa Public Service Co. v. Rhode, 230 Iowa 751, 298 N. W. 794; Labor and Industry Dept.

1258

v. Unemployment Compensation Board of Review, 133 Pa.
Super. 518, 3 A. 2d 211; Brown-Brockmeyer Co. v. Board of
Review, 70 Ohio App. 370, 45 N. E. 2d 152; Ex parte Alabama
Text. Prod. Corp., 242 Ala. 609, 7 So. 2d 303, 141 A. L. R. 87;
case note in 141 A. L. R. 101.

As heretofore noted, the facts as found by the commission
are supported by substantial and competent evidence. We are
satisfied these facts support its decree. It follows that the
district court erred in reversing said decree.—Reversed.

All JUSTICES concur.