FORREST PARK SANITARIUM, Appellant, v. ESTHER K. MILLER et al., Appellees.

No. 46370.

NOVEMBER 16, 1943.

1342

 █ 

Hart & Eckerman, of Davenport, for appellant.

J. Charles Crawley and Homer M. Lyon, both of Des Moines, for appellee.

OLIVER, J.—In September 1939, appellant employed Esther K. Miller (referred to herein as sole appellee) as a practical nurse in its sanitarium for patients with mental and nerve ailments. She worked on the day shift on the main floor until 1941, when her immediate superior ordered her to the night shift in another building. She protested to the manager. He declined to change the order. Appellee separated from her employment and seeks unemployment-compensation benefits.

Section 1551.11, Code of Iowa, 1939, provides that one who has left his work voluntarily without good cause attributable to his employer, if so found by the commission, shall be disqualified for benefits. Said section also provides disqualification for failure, without good cause, to accept suitable work, and that in determining whether work is suitable to any individual, the degree of risk involved to his health and safety, his physical fitness, training, experience, etc., shall be considered.

Appellant proposed to change appellee to the night shift in the other building because another nurse had asked to be relieved therefrom "for awhile" because "she was nervous and couldn't sleep in the daytime," and the management decided to shift "those night positions around." Appellee weighed about 108 pounds and was of a nervous temperament. Although the evidence was in conflict, there was substantial evidence that prior to September 1939, she had worked on said night shift; that the inmates of that ward were violent and in restraint; that on one occasion an inmate unshackled herself and attempted to attack appellee; that appellee deemed herself incapable of handling its patients and was afraid to go into that ward; that under the strain of said work she was unable to sleep in the daytime; that

she had a nervous breakdown; that the condition of her health compelled her to give up her position in July 1939; that her doctor prescribed rest and medicine, and that when appellee was re-employed in September 1939, it was agreed she should have the day shift in the main building and not the night shift with the "bad patients."

The Commission found appellee was hired as a day nurse and did not quit such work; that said work was terminated by the employer; and that appellee had good cause for refusing the new employment. Since the findings are sustained by substantial evidence, they will not be disturbed upon appeal. Wolfe v. Iowa Unemployment Compensation Comm., 232 Iowa 1254, 7 N. W. 2d 799. Appellee's declination of a position expressly excepted by her employment agreement and which probably would have endangered her health did not disqualify her for unemployment benefits.—Affirmed.

All JUSTICES concur.