Hillsborough, } No. 4166.
Mar. 3, 1953. }

LUCIANNA GOINGS

*v.*

WILLIAM H. RILEY, *Commissioner of Labor.*

*John W. King* (by brief and orally), for the plaintiff.

*Winslow H. Osborne* and *James M. Riley, Jr.* (*Mr. Osborne* orally), for the defendant.

KENISON, C. J. The Unemployment Compensation Act, R. L., c. 218, s. 3 C, as amended by Laws 1947, c. 59, s. 10, provides that "an unemployed individual shall be eligible to receive benefits with respect to any week only if the commissioner finds that . . . C . . . he is able to work, and is available for work . . . ." The availability requirement of the statute does not demand of the claimant total availability for any work offered. Where the claimant is ready to accept suitable work which he does not have good cause to refuse, he is considered attached to the labor market and available. *Roukey* v. *Riley*, 96 N. H. 351; 55 Yale L. J. 123. Where the claimant attaches such restrictions on the time or type of work he will accept that there is no market for his services as offered, he is not considered available. *Schmahman* v. *Corsi*, 101 N. Y. S. 991; *Valenti* v. *Board of Review*, 4 N. J. 287; *Kut* v. *Albers Super Markets*, 146 Ohio St. 522, appeal dismissed 329 U. S. 669. If the restrictions attached by the claimant are not usual and customary in the particular occupation, that is an added reason for denying unemployment compensation benefits. *Corrado* v. *Director of Div. of Employment Secur.*, 325 Mass. 711; anno. 25 A. L. R. (2d) 1077; *Unemployment Compensation Comm.* v. *Tomko*, 192 Va. 463.

The more difficult cases are those where the claimant has limited availability for shift employment which is the situation in the present case. See Altman and Lewis, Limited Availability for Shift Employment, 28 Minn. L. Rev. 387. In *Ford Motor Co.* v. *Unemployment Comp. Com'n*, 316 Mich. 468, claimant's availability for employment was restricted to the afternoon shift in order that she could care for her two children earlier during the day and she was

considered as not available for work and ineligible for unemployment compensation benefits. Decisions in other jurisdictions with a similar factual background have reached the same result. *LeClerc* v. *Administrator,* 137 Conn. 438; *Judson Mills* v. *South Carolina Unemployment Comp. Comm.,* 204 S. C. 37; *Haynes* v. *Unemployment Comp. Comm.,* 353 Mo. 540.

The plaintiff was unavailable for second and third shift work solely because she had an invalid mother who was in such condition that she needed care. The plaintiff had been collecting unemployment compensation for a period of twenty-five weeks while there was availability of work in her particular field at the same rate of pay on both the second and third shifts. It is not disputed that during the period in which the plaintiff was unemployed there was an economic recession in the Manchester area, that unskilled labor was the first to be laid off and the last to be rehired, that textile unemployment increased and throughout this period the plaintiff searched for but was unable to find first shift work. It is likewise undisputed that by custom or by union contract vacancies on first shift are offered to employees on other shifts so that work opportunities for new employees occurred more frequently on the second and third shifts rather than on the first shift. In view of this evidence it cannot be said that there was a labor market in the Manchester area during the period in question for unskilled workers in the first shift. The plaintiff was "no longer, in fact, available for work in that locality." *Roukey* v. *Riley,* 96 N. H. 351, 353. A finding that the plaintiff was available for work within the meaning of the unemployment compensation statute is not sustainable on this record.

While there is no general formula which will determine all cases involving unavailability, it is significant that the great weight of the judicial decisions support the view we take in this case that the plaintiff is unavailable for work and therefore ineligible for unemployment compensation. *LeClerc* v. *Administrator,* 137 Conn. 438, and cases cited therein. See Altman, Availability for Work (1950) 230. This is likewise the trend of the few recent decisions that have discussed the question. *Squires* v. *Unemployment Compensation Bd. of Rev.* (Pa. Super.), 94 A. (2d) 172 (1953). The conclusion of ineligibility is consistent with the purpose of our Unemployment Compensation Act. "The cushion of security between jobs provided by the statute was not designed to finance an apparently hopeless quest for the claimant's old job or a job paying

equal wages." *Hallahan* v. *Riley*, 94 N. H. 48, 51. The purpose of the Unemployment Compensation Act is to relieve involuntary unemployment and it is not designed to cover all cases of unemployment which may be due to personal and domestic difficulties.

*Exceptions sustained.*

All concurred.