143 So.2d 156 (1962)
Maxine IMMEL, Plaintiff-Appellant,
v.
Richard E. BROWN, Jr., Administrator, etc., Defendant-Appellee.
No. 611.
Court of Appeal of Louisiana, Third Circuit.
July 5, 1962.
C. O. Brown, Alexandria, for plaintiff-appellant.
Marion Weimer, Baton Rouge, for defendant-appellee.
Before TATE, FRUGE, and SAVOY, JJ.
TATE, Judge.
Board of Review of the Division of Employment Security held the plaintiff to be disqualified for unemployment compensation because she had failed to apply for suitable work offered to her, LSA-R.S. 23:1601(3). Pursuant to her statutory right, LSA-R.S. 23:1634, the plaintiff filed *157 suit in the district court of her domicile to obtain judicial review of this determination. The trial court upheld the administrative tribunal's denial of benefits and dismissed the plaintiff's suit.
The claimant now appeals to this court praying for reversal of such determination. In the alternative, she prays for a remand of these proceedings for additional evidence to be taken by the administrative tribunal concerning material facts explaining why the work offered to her was not "suitable", within the meaning of the statute, in order to show that she was not disqualified for failing to accept it.
Based on the evidence at the administrative hearing, the Board of Review found: "The claimant has worked for the past twenty (20) years as a waitress. On June 27, 1961, the claimant was called by the local office of the Division of Employment Security for a referral to a waitress' job with Louis & Joe's Cafe. The claimant reported to the local office and accepted the referral. She did not report to the cafe in person because she had a sick daughter and could not leave. She called the prospective employer by telephone, but did not get to talk to him. She talked to someone else. She did not make any further effort to contact him. * * * There is sufficient evidence before this Board to support the finding that the claimant refused an offer of referral to suitable employment by the Employment Service, and she has failed to justify her refusal of such employment." (Italics ours.)
We may say at this point that the sketchy record of the administrative hearing contains sufficient evidence to support this factual finding of the board. And, of course, factual findings of the board, if supported by sufficient evidence, must be accepted on judicial review by the courts, the jurisdiction of which is confined to questions of law. LSA-R.S. 23:1634; Vandike v. Brown, La.App. 3 Cir., 139 So.2d 803.
But an extremely serious question is presented by the claimant's alternative prayer for a remand to present material evidence not contained in the record of the administrative hearing, a question which was not well briefed before our learned trial brother. The claimant's attorney points out that she is an uneducated white lady who appeared at the administrative hearing without benefit of counsel, and her attorney argues that this lady (without knowledge of what was legally relevant) did not present evidence as to material facts, during the somewhat unsympathetic interrogation of her by the appeals referee during the brief administrative hearing, to show that the work was not suitable and that she was legally entitled to refuse to accept it.
We will set forth the revelant procedural facts in the light of which this contention is advanced.
The administrative agency's records introduced into evidence reveal: The claimant was referred on July 27, 1961 to Louis & Joe's Cafe for a job interview. On July 28th, the following day, the agency interviewer reported that she had not reported to the employer on the referral. On August 7, 1961 (ten days later), by initial claim determination (see LSA-R.S. 23:1624) the agency held that she was disqualified for benefits from July 28th and thereafter (until she was able to earn wages equal to ten times her weekly benefit, so as to be again within the protection of the Louisiana Unemployment Compensation Law, LSA-R.S. 23:1471 et seq.), "for the following reason: You failed to apply for suitable work offered you. Job offered referral to was in your usual occupation at your customary rate of pay. Benefits denied."
The claimant then appealed this initial claim determination to the agency's appeal tribunal (see LSA-R.S. 23:1629), and a hearing on her appeal was then held by an agency appeals referee. At this hearing, as has been held, the statutory requirement of notice and a fair hearing limit the *158 appeal tribunal's consideration of disqualifying causes to those specific acts set forth by the agency's initial determination of disqualification, and the claimant may not be disqualified for other acts of which he had not been given notice by the agency's initial claim determination. Johnson v. Brown, La.App. 3 Cir., 134 So.2d 388; King v. Brown, La.App. 3 Cir., 115 So.2d 405.[1] Cf. also, Huddleston v. Brown, La. App. 2 Cir., 124 So.2d 255.
At the hearing, as well as in the written statements she made to the agency prior to it, the claimant apparently considered the crux of the agency's complaint to be that she had telephoned the prospective employer for information concerning the job offer, instead of going in person. She testified that the employer's place of business was a good distance from her home and that she could not easily leave because of a sick daughter, so that she had telephoned from a drug store (she did not have a telephone at home) and had talked to someone there since the manager was out.
Following the hearing, the appeals referee affirmed the agency's determination of the claimant's disqualification for unemployment benefits following which the claimant appealed this decision to the agency's board of review (LSA-R.S. 23:1630). As previously noted, the board upheld the disqualification determination, following which the claimant obtained counsel and sought judicial review of the agency determination (LSA-R.S. 23:1634) by the present proceedings.
In her petition for judicial review, the claimant alleges the following material facts explaining her failure to pursue further the job offer:
"Claimant stated at the hearing that she did talk to someone at Louis & Joe's Cafe where she was referred to but she was unable to talk to the boss. She called to tell them that she would be available for the job, but that she had a daughter who was very ill. Although she left word she was not called back by this cafe. * * * Claimant shows that the geographical location of Louis & Joe's Cafe is on Lower Third Street, in Alexandria and is a Negro street which makes it very dangerous for a white woman to leave her place of employment at a late hour to catch a bus or to walk on this street. That she is a widow and has no means of transportation other than the bus which at late hours runs every 45 minutes. * * * Claimant shows that due to the above reasons it would not be at all satisfactory for her to attempt to work at this cafe where her hours would be from three P.M. till eleven P.M. When claimant called the cafe they told her that the waitress answering the phone had the morning shift and that her shift would be from 3 till 11."
There is no evidence at the agency hearing concerning these allegations by the claimant,[2] and of course the trial court properly refused to permit the claimant to introduce evidence concerning them in the judicial review proceedings. See LSA-R.S. 23:1634, which provides that, upon judicial review, "No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of *159 review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file such additional or modified findings and conclusions, together with a transcript of the additional record, with the court. * * *"
Thus, as pointed our in Richardson v. Administrator, La.App. 1 Cir., 28 So.2d 88, where the trial court did exercise such power, the discretionary power to remand the case to the administrative agency for further evidence may be exercised by a court when "it is not satisfied with the evidence that has been made up for the [administrative] record", 28 So.2d 90. "Where the record is insufficient to permit a judicial review of the award or decision, the matter will be remanded to the administrative tribunal. Thus, the case will be remanded where the administrative tribunal has not made a finding as to a material matter * * *." 81 C.J.S. Social Security and Public Welfare § 233, p. 349. When the question has arisen in other jurisdictions, it has been held that the case should be remanded for additional evidence where the record before the administrative tribunal does not contain evidence as to material facts. Martineau v. Director, etc., 329 Mass. 44, 106 N.E.2d 420 (1952); Allis-Chalmers Mfg. Co. v. Review Board of Ind. Employment Sec. Division, 121 Ind. App. 227, 98 N.E.2d 512 (1951).
Especially in view of the circumstances that the claimant was unrepresented by counsel at the agency hearing (cf., Yellow Cab Co. v. Stewart, La.App. 2 Cir., 111 So.2d 142), we have come to the conclusion that we should exercise our discretionary power to remand this case to the administrative agency for additional evidence. In our opinion, the facts stated by the claimant's petition for judicial review are material to a determination as to whether the work offered to her was "suitable" within the meaning of the statute, and also as to whether she had "good cause" (so as to be statutorily excused from disqualification), upon learning of the conditions of employment, to fail to pursue the matter further or to accept the work offered. See LSA-R.S. 23:1601(3)[3]; Raborn v. Heard, La.App. 1 Cir., 87 So.2d 146, and authorities cited therein.
"It is impossible to give a general definition of the words `good cause' as used in statutes disqualifying individuals from claiming benefits where they fail to apply for or accept work or employment without good cause, and the meaning of the words must be determined in each case from the facts of that case. In any event, the phrase must be so interpreted that the fundamental purpose of the statute is not destroyed. Good cause must be substantial, founded in real circumstances which will bear the test of reason, and mere conjecture will never suffice," 81 C.J.S. Social Security and Public Welfare § 200, p. 295. In determining whether the worker is statutorily disqualified for unemployment compensation benefits because of some questioned conduct on his part, a pertinent consideration is whether *160 or not the worker acted reasonably under the circumstances, having in mind such general factors as what the normal worker would have done under the same circumstances. See Broussard v. Administrator, La.App. 1 Cir., 121 So.2d 268.
The greater weight of authority is that the claimant is ineligible for unemployment compensation benefits, or may be disqualified from receiving them, if he refuses shift work at hours customary in the industry concerned for the naked reason that, for personal reasons, he wishes to work on other shifts. Goings v. Riley, 98 N.H. 93, 95 A.2d 137 (1953); Squires v. Unemployment Compensation Board, etc., 172 Pa. Super. 424, 94 A.2d 172 (1953); Beall v. Bureau, etc., Ohio App., 101 N.E.2d 780 (1951). However, the claimant has been held to have good cause to refuse to accept shift work at night because of a danger to her health and safety which would result from working on a night shift instead of during the day. Forrest Park Sanitarium v. Miller, 233 Iowa 1341, 11 N.W.2d 582. We think the allegations of the plaintiff's petition demonstrate the latter type of situation instead of the former.
In reaching our conclusion that this matter should be remanded for additional evidence, we have also taken into consideration the legislative injunction that the unemployment compensation act must be liberally interpreted and administered by the courts in line with its fundamental objective of relieving individual hardships and the economic loss to the community as a whole which result from the lack of income caused by unemployment. LSA-R.S. 23: 1471; Johnson v. Brown, cited above, and the many decisions cited therein.
For the reasons assigned, the decision of the Board of Review and the judgment of the trial court are therefore annulled and set aside; the case is remanded to the Board of Review for additional evidence to be taken, in agency proceedings, with the board of review to make such findings after appropriate administrative proceedings as the original record and the additional evidence may warrant, subject to such further judicial review as is sought by any party in interest.
Remanded for additional evidence.
NOTES
[1] We note this because, in the present instance, the efficient appeals referee in his zeal developed facts surrounding an alleged failure of the claimant to apply for work on May 18, 1961 (which had not been questioned by the agency at the time) and concerning her supposed lack of sufficient diligence in seeking other work. The claimant had not been charged with her alleged derelictions in these respects prior to the hearing; in view of the jurisprudence cited above, it is unnecessary for us to discuss her explanations of these alleged derelictions, of which she had not been given notice prior to the agency hearing.
[2] There is a tangentical reference in this statement by her at the hearing: "Oh, yes, there is a city bus, but of course, I don't know what time the last one would run from out there if it's the evening shift."
[3] LSA-R.S. 23:1601 provides as follows:

"An individual shall be disqualified for benefits: * * *.
(3) If the administrator finds that he has failed, without good cause, either to apply for available, suitable work when so directed by the administrator or to accept suitable work when offered him, or to return to his customary self-employment (if any) when so directed by the administrator. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances.
"(a) In determining whether or not any work is suitable for an individual, the administrator shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence. * * *" (Italics ours.)