122 N.J. Super. 366 (1973)
300 A.2d 572
JOHNS-MANVILLE PRODUCTS CORP., APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND CONSTANTINE P. BESSASPARIS, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 30, 1973.
Decided February 9, 1973.
*367 Before Judges KOLOVSKY, MATTHEWS and ARD.
Mr. William W. Lanigan, attorney for appellant (Mr. Daniel F. O'Connell, on the brief).
Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney for respondent (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. I. Leo Motiuk, Deputy Attorney General, on the brief).
PER CURIAM.
Johns-Manville Products Corp. (appellant), the former employer of Constantine P. Bessasparis (claimant), appeals from a decision of the Board of Review which affirmed the decision of the Appeal Tribunal that the claimant was eligible for unemployment benefits.
*368 The claimant had worked for appellant for more than five years as a Class A machinist. By May 1971 his wage rate was $4.27 an hour.
In January 1971 the union of which claimant was a member had entered into a collective bargaining agreement with appellant. That agreement provided, among other things, that an employee laid off from one department and entitled to exercise plant seniority must accept the next lower job to which he is entitled or else he is to be removed from the recall list, taken from the seniority list, and all his plant and departmental seniority cancelled.
Shortly before claimant left for vacation on May 21, 1971 he was notified by his employer that he was to be laid off on May 28 from his position as Class A machinist. He was then offered work in one of several less skilled jobs which paid from $3.21 to $3.35 per hour. During his vacation claimant decided that he could not afford to work at the reduced rate, accepted the lay-off and began to seek work at his previous wage rate.
It is undisputed that claimant actively sought work and that it was not until November 7, 1971 that he obtained a new job at a base rate which was only 5% less than he earned as a Class A machinist and which provided an opportunity for a substantial amount of overtime.
In the meantime claimant had on June 8, 1971 applied for unemployment benefits. The Deputy found that he was eligible and not disqualified for such benefits. On successive appeals by Johns-Manville, the Deputy's determination was affirmed by the Appeal Tribunal on August 5, 1971 and by the Board of Review on August 31, 1971.
At appellant's request the Board re-opened the matter on November 28, 1971 and then, by its decision of December 28, 1971, ruled that claimant was eligible for benefits from June 8, 1971 to November 7, 1971, the date he obtained new employment. This appeal is taken from the Board's decision of December 28, 1971.
*369 In that decision the Board, after making findings of fact, concluded:
OPINION:
We have recognized as a general proposition that where down-grading is not severe and the loss of pay is not heavy a claimant should continue at the work offered rather than go on unemployment rolls. However, this is not such a case. * * * Although the employer argues that the claimant, with incentive and overtime pay, could have maintained his earnings level, the uncontroverted testimony of the claimant leads to the conclusion that with the information available to him at the time he made his decision, the claimant had the choice of becoming unemployed or continuing in a comparatively low skilled job paying over twenty-five per cent less than he last earned and with limited prospect of improvement. Under the circumstances his leaving the work rather than accept transfer was with good cause attributable to such work and does not subject him to disqualification under R.S. 43:21-5(a) or 5(c).
The claimant's efforts to find work resulting in reemployment in his skilled capacity at a base rate approximately five per cent less than he last earned but with much overtime show him to have been so available for work as to meet the eligibility requirements.
DECISION:
The claimant was eligible for benefits, without disqualification, from June 8 through November 7, 1971.
Appellant, relying on cases of which Goebelbecker v. State, 53 N.J. Super. 53 (App. Div. 1958), is typical, argues that claimant was "disqualified for unemployment compensation benefits under the `voluntary quit' provision of N.J.S.A. 43:21-5(a) and the `available for work' provision of N.J.S.A. 43:21-5(c)" because he had refused the other jobs which appellant had offered him.
However Goebelbecker and similar cases are clearly distinguishable. In those cases the factual situation was that described in the first sentence of the Board's "Opinion," cases in "which the downgrading [was] not severe and the loss of pay not heavy."
Here, however, the Board found that the loss of pay which claimant would suffer if he accepted the low-skilled jobs and wages which appellant offered was substantial. That finding is fully supported by substantial evidence in the record and is entitled to particular weight because of the administrative *370 tribunal's familiarity with and expertise in employment matters. There is no warrant for our disturbing those findings.
We agree with the Board's determination that a substantial reduction in wages constitutes good cause for leaving work under N.J.S.A. 43:21-5(a). That determination is in accord with the weight of reasoned authority. Bunny's Waffle Shop v. California Employment Com'n, 24 Cal.2d 735, 151 P.2d 224, 228 (Sup. Ct. 1944); Robertson v. Brown, 139 So.2d 226 (La. Ct. App. 1962); Pacific Mills v. Director of Division of Employ. Sec., 322 Mass. 345, 77 N.E.2d 413 (Sup. Jud. Ct. 1948); Dubkowski v. Administrator, Unemploy. Comp. Act, 150 Conn. 278, 188 A.2d 658 (Sup. Ct. Err. 1963); 81 C.J.S. Social Security and Public Welfare § 170 at 258; see also Wojcik v. Bd. of Review, 58 N.J. 341 (1971).
Further, under the facts of this case we find no merit to appellant's argument that claimant had refused to "accept suitable work when offered him" and hence was disqualified under N.J.S.A. 43:21-5(c). It is clear from the Board's findings that work offered by appellant was not "suitable" within the meaning of the cited section. Wojcik v. Bd. of Review, supra, 58 N.J. at 345; Dubkowski v. Administrator, Unemploy. Comp. Act, supra; Shay v. Unemployment Compensation Bd. of Review, 424 Pa. 287, 227 A.2d 174 (Sup. Ct. 1967).
Finally, there is no substance in appellant's suggestion that in view of the provisions of the collective bargaining agreement, an employee refusing the transfer offered by the employer disqualifies himself from receiving unemployment compensation benefits. See Stonco v. Bd. of Rev., Div. of Emp. Sec., 106 N.J. Super. 6, 12 (App. Div. 1969); Dubkowski v. Administrator, Unemploy. Comp. Act, supra. The right to unemployment compensation benefits stems from the Unemployment Compensation Law, not from agreements between the employer and employee.
*371 Moreover, the collective bargaining agreement in this case does not in fact provide that an employee refusing a transfer should forfeit his rights to unemployment compensation benefits. If it did contain such a provision, the provision would be void. "Any agreement by an individual to waive, release, or commute his rights to benefits or any other rights [under the unemployment compensation law] shall be void." N.J.S.A. 43:21-15(a).
The decision of the Board of Review is affirmed.