Randy L. WIESE, Appellant,

v.

**IOWA DEPARTMENT OF JOB SERVICE, Appellee.**

No. 85–93.

Supreme Court of Iowa.

June 18, 1986.

Donna J. Henderson, Des Moines, for appellant.

Walter F. Maley, Blair H. Dewey, and Joseph L. Bervid, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, CARTER and WOLLE, JJ.

SCHULTZ, Justice.

The issue in this appeal is whether an employee's refusal to temporarily work out of state disqualifies him from receiving unemployment benefits. The agency, Iowa Department of Job Service, determined that the employee voluntarily quit without good cause attributable to his employer because the employee knew near the time of hire that out-of-state employment was a customary practice of the employer. On judicial review, the district court affirmed the agency decision; however, on appeal the court of appeals reversed. In a plurality opinion that court held the agency erred as a matter of law because the rule supporting the agency's decision requires that the terms of the contract of hire be known to the employee at the time of hire, rather than near the time of hire. We agree the agency incorrectly interpreted its rule; however, we believe the case should be remanded to the agency for further proceedings.

Certain basic facts are undisputed. Employee Randy L. Wiese commenced work at Johnson Development Company in November 1981 as a full-time rough carpenter. The employer is a construction company that has its office in Altoona, Iowa, which is also the place of the employee's residence. The employee worked for his employer at jobs in Iowa until October 1983. At that time the employer had no construction work available in Iowa, but did have a job in Texas which was to last approximately two months. Employees flew to the Texas job site to work for nine days and then return to Iowa for a five-day period. While at the job site the employees worked for four days, had one day off, and then worked for another four-day period. The employer paid for the employees' flight expenses, and other expenses incurred while in Texas including food, lodging, maid and laundry service. Employees were paid an additional $2.00 per hour while working in Texas. The employee made an initial trip to Texas for one nine-day work period, but upon returning home he informed his employer that he was quitting his job because "he couldn't be away from his family that much." The employee revealed he would continue his employment if the employer could provide him work in Iowa; however, the employer had no in-state work available. The employee quit his job rather than return to work in Texas. Thereafter, he applied for unemployment benefits.

The fighting issue in this appeal concerns the interpretation of agency rules defining when an employee is disqualified from receiving unemployment benefits for voluntarily terminating employment. The rules implement Iowa Code section 96.5 (1983) which provides in part:

An individual shall be disqualified for benefits:

1. *Voluntary quitting.* If he or she has left his or her work voluntarily without good cause attributable to his or her employer, if so found by the department.

Agency rules specifically define when a quit is for a cause that may or may not be

attributable to the employer. *See* 370 Iowa Admin.Code 4.25, .26.

Our initial inquiry concerns rule 4.25. Rule 4.25 defines "voluntary quit" and notes the burden of proof is upon the employer to establish that the separation was "a voluntary leaving of employment without good cause attributable to the employer." 370 Iowa Admin.Code 4.25. Additionally, it sets forth some 38 reasons when a voluntary quit will be presumed to be without good cause attributable to the employer. *See* 370 Iowa Admin.Code 4.25(1)–(40). The majority of the agency appeal board adopted the hearing officer's conclusion that under rule 4.25(32) the employee's quit was voluntary and not attributable to the employer. Subsection 32 specifically provides as follows: "The claimant left by refusing a transfer to another location when it was known at the time of hire that it was customary for employees to transfer as required by the job." On judicial review, the district court affirmed the agency decision. The court of appeals reversed concluding that the subsection 32 language "at the time of hire" was inapplicable because under the agency's findings of fact the employee merely knew of out-of-state work "near the time of hire." Without remanding for further proceedings, that court concluded there was insufficient evidence in the record to support a finding that the employee knew of the possibility of transfer "at the time of hire."

■ The agency urges that deference should be given to its interpretation of its own rules. We note that courts are not bound by the agency's interpretations of the law. *Cosper v. Iowa Department of Job Service*, 321 N.W.2d 6, 10 (Iowa 1982). We give weight to administrative interpretations of statutes, but the meaning of a statute is always a matter of law that cannot be changed by administrative rule. *Schmitt v. Iowa Department of Social Services*, 263 N.W.2d 739, 745 (Iowa 1978). We have indicated that we accord agencies "a reasonable range of informed discretion in the interpretation and application of their own administrative rules." *Dameron*

*v. Neumann Brothers, Inc.*, 339 N.W.2d 160, 162 (Iowa 1983). On appeal, the meaning of a rule that interprets a statute is an issue of law which is a matter finally reserved to the courts. Consequently, the court of appeals followed the correct approach when it applied its own interpretation to the agency's rules interpreting section 96.5.

■ The employee concedes that he did not work at a permanent job site but asserts he only objected to working out of state. A careful reading of the agency's findings of fact reveals the "employer had a temporary job in the state of Texas." We believe rule 4.25(32) is inapplicable under these facts. In this case, the nature of the employment is such that the location of the work site often changes. We do not believe that a temporary location change, even to an out-of-state job site, is a "transfer to another location" under rule 4.25(32). Subsection 32 is either inapplicable to this type of employment or applies to a change of employment site that requires the employee to change his or her residence. The agency erred as a matter of law in relying upon rule 4.25(32).

In its decision, the agency also rejected the employee's claim that he quit because of personal hardship in being away from his family. To support its decision, the agency noted the temporary nature of the job and the fact that the employer payed all the employee's expenses while he was away from home. Although the employee has not directly challenged this determination, he has preserved error on an additional claim that his quit was with good cause attributable to the employer because of a change in the contract of hire. We now turn to this contention.

■ An employee leaving his or her employment may quit with "cause attributable to his or her employer," as that term is mentioned in section 96.5(1), if the employer makes a substantial change in the terms or conditions of the contract of hire. We have affirmed an agency's finding that an employee did not quit work, but that the work was terminated by the employer,

when the employee refused to accept a change in a work assignment which was contrary to the contract of hire. *Forrest Park Sanitarium v. Miller*, 233 Iowa 1341, 1343, 11 N.W.2d 582, 583 (1943). In *Miller* a 108–pound practical nurse was hired for the day shift and would not agree to the employer changing her duty to nights. She deemed herself incapable of handling violent patients during the night shift and also had previously suffered a nervous breakdown after such duty. The agency found the nurse did not quit her work; rather, her work was terminated with cause attributable to her employer. *Id.* at 1343, 11 N.W.2d at 582. Additionally, the agency determined she was not disqualified for failing to accept suitable work. *Id.* at 1343, 11 N.W.2d at 582. We upheld the agency's ruling in *Miller* because there was substantial evidence in the record to support its findings and conclusions; however, in other cases the evidence may support that the cause of the termination not be attributable to the employer.

Even when the quit follows a change in the contract of hire, it may be shown that employer did not cause the termination. "Good cause" attributable to the employer must ordinarily be connected with the employment. *See Moulton v. Iowa Employment Security Commission*, 239 Iowa 1161, 1167–71, 34 N.W.2d 211, 214–16 (1948) (construing Iowa Code § 96.5 (1946)). There must be a direct connection between the functions of employment and the reason the employee left the employment in order to attribute the cause of termination to the employer. *See Deere Manufacturing Co. v. Iowa Employment Security Commission*, 249 Iowa 1066, 1071, 90 N.W.2d 750, 753–54 (1958). Additionally, a change in the employment contract may be insubstantial in nature and thereby not justify placing the cause for termination on the employer.

The term "good cause" is not defined in Iowa Code chapter 96. It is a term capable of contraction and expansion by construction; reducing it to a fixed meaning or standard is nearly impossible. *Mee's Bakery, Inc. v. Unemployment Compensation Board of Review*, 162 Pa.Super. 183, 56 A.2d 386, 387 (1948). The meaning of the term "good cause" must be deduced from the facts of each case keeping the stated public policy and the fundamental purpose of the statute in mind. The term encompasses real circumstances, "adequate excuses that will bear the test of reason, just grounds for the action, and always the element of good faith." *Id.* 56 A.2d at 387.

We consider the entire chapter 96 in interpreting "good faith." *See Wolf's v. Iowa Employment Security Commission*, 244 Iowa 999, 1006, 59 N.W.2d 216, 220 (1953). The guide to the interpretation and application of chapter 96 sets forth the public policy of the state and specifically refers to "involuntary employment" as a "subject of general interest and concern" and stresses "encouraging employers to provide more stable employment." Iowa Code § 96.2. We believe that a good faith effort by an employer to continue to provide employment for his employees, especially during a recessionary period, may be considered in examining whether contract changes are substantial and whether such changes are cause of an employee quit attributable to the employer.

Additionally, common sense and prudence must be exercised in evaluating all of the circumstances that lead to an employee's quit in order to attribute the cause for the termination. *See Kistler v. Commonwealth Unemployment Compensation Board of Review*, 52 Pa.Cmwlth. 465, 416 A.2d 594, 596 (1980). With these principles in mind, we turn to the agency rules which implement section 96.5(1).

Subsections 1 through 27 of rule 4.26 provide an employee terminating employment a number of reasons to remain eligible for benefits by attributing the cause for separation to the employer. 370 Iowa Admin.Code 4.26(1)–(27). Subsection 1 specifies when cause is attributable to the employer regarding a change in the employment contract as follows:

A change in the contract of hire. An employer's willful breach of contract of hire shall not be a disqualifiable issue. This would include any change that would jeopardize the worker's safety, health or morals. *The change of contract of hire must be substantial in nature and could involve changes in working hours, shifts, remuneration, location of employment,* drastic modification in type of work, etc. Minor changes in a worker's routine on the job would not constitute a change of contract of hire.

370 Iowa Admin.Code 4.26(1) (emphasis added). We believe rule 4.26(1) falls within the principles which we have outlined and is applicable under the facts of this case.

■ Our review of final agency action is at law, not de novo. On judicial review, courts have no original authority to declare the parties' rights and should remand for findings when the agency's ruling does not disclose a sound factual and legal basis for its decision. *Taylor v. Iowa Department of Job Service,* 362 N.W.2d 534, 537 (Iowa 1985).

■ In its ruling the agency never clearly made findings of fact concerning the contract of employment. In its findings of fact the agency did reiterate that the employee had testified that at the time he was hired he was not aware the company would be working out of state, but he did admit he became aware of that fact one or two months after commencing work. The employer contended, however, that new employees were generally informed at the time of hire that there would be out-of-state work. Additional findings of fact would be appropriate regarding whether there was an express or implied agreement that the employee would not work out of state. If the facts show a change of contract by the employer, it will also be necessary for the agency to make additional findings and conclusions as to whether the change of contract is substantial and if good cause for termination is attributable to the employer.

The district court erred in not remanding this action to the agency. We reverse the decision of the district court and remand the case to the agency to make additional findings and determine whether Wiese is entitled to unemployment benefits.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED AND REMANDED WITH DIRECTIONS.