**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5125-16T3

LEO R. VOLZ, SR.,

    Appellant,

v.

BOARD OF REVIEW, DEPARTMENT OF
LABOR AND WORKFORCE DEVELOPMENT,
and AAH MANAGEMENT CO., INC.,

    Respondents.

_____

Argued July 17, 2018 — Decided July 27, 2018

Before Judges Ostrer and Vernoia.

On appeal from the Board of Review, Department
of Labor and Workforce Development, Docket No.
115,632.

Leo R. Volz, Sr., appellant, argued the cause
pro se.

Jana R. DiCosmo, Deputy Attorney General,
argued the cause for respondent Board of
Review (Gurbir S. Grewal, Attorney General,
attorney; Melissa Dutton Schaffer, Assistant
Attorney General, of counsel; Jana R. DiCosmo,
Deputy Attorney General, on the brief).

Michael A. Katz argued the cause for
respondent AAH Management Co., Inc. (Paul &

Katz, PC, attorneys; Michael A. Katz, of counsel and on the brief).

PER CURIAM

Leo Volz appeals from the Board of Review's order reversing the decision of the Appeal Tribunal and finding that he left work without good cause attributable to work. See N.J.S.A. 43:21-5(a). We reverse.

For approximately three-and-a-half years, AAH Management, Inc., employed Volz as a part-time administrative assistant at the Barrington Mews apartment complex. His regular hours were 9:00 a.m. to 2:00 p.m., five days a week. He earned $11 an hour. In September 2016, management informed Volz that his shift would end at 1:00 p.m., and, consequently, his total weekly hours would be cut from twenty-five to twenty. Around the same time, another manager assumed roughly eighty percent of Volz's duties. After working those reduced hours for about a month, Volz resigned. He did so mainly because his hours, and his resulting income, were reduced. Secondarily, he did so because his workload was reduced.

The Appeal Tribunal reversed the initial denial of Volz's benefits, concluding that Volz's twenty-percent reduction in income was substantial, and constituted good cause attributable to the work for leaving. The Board reversed. Relying on Zielenski v. Board of Review, 85 N.J. Super. 46, 52 (App. Div. 1964), the

Board held that Volz, as a part-time employee, "had a reasonable opportunity to pursue employment with more hours and better wages when he was not working."

We deferentially review the Board's decision, but shall reverse if it is arbitrary, capricious, or unreasonable, or lacks the support of sufficient credible evidence. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). We are not obliged to defer to the agency's interpretation of our judicial precedent. Bowser v. Bd. of Trs., Police & Firemen's Ret. Sys., ___ N.J. Super. ___, ___ (App. Div. 2018) (slip op. at 7).

The general principles governing the voluntary quit provision are well settled. "Good cause" is cause "sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983). A claimant is required to do what is reasonable and necessary to stay employed. Brady, 152 N.J. at 214; see also Arden v. Bd. of Review, 231 N.J. 589, 602 (2018). The agency has identified good cause as a reason "so compelling as to give the individual no choice but to leave the employment." N.J.A.C. 12:17-9.1(b). The agency provides a non-exclusive list of reasons that do not suffice; but reduction in pay is not among them. N.J.A.C. 12:17-9.1(e).

In _Zielenski_, the court held that a shipyard welder left work voluntarily, without good cause attributable to the work. 85 N.J. Super. at 52. The welder suffered a temporary layoff, and then was called back to work intermittently. _Id._ at 51. The court rejected as insufficient cause to quit "the unsteadiness of the job and the fact that [the welder] was working, on an average, only one or two days a week at a daily wage of $24.40." _Id._ at 52. The court held "this did not constitute good cause for giving up this partial employment for none at all." _Ibid._

However, the court in _Johns-Manville Prods. Corp. v. Board of Review_, 122 N.J. Super. 366, 370 (App. Div. 1973), held that a machinist had good cause to quit when his employer was going to lay him off from a Class A machinist position, and shift him to a less skilled position in the same plant. The change would have reduced his wage rate from $4.27 to between $3.21 and $3.35 — a cut of between twenty-two and twenty-five percent. _Id._ at 368.

The court affirmed the Board's decision, and endorsed the principle that "a substantial reduction in wages constitutes good cause for leaving work under N.J.S.A. 43:21-5(a)." _Id._ at 370. The panel cited supporting authority from other jurisdictions. _Ibid._ Notably, the Board rejected the employer's contention that the claimant could have made up for the lowered pay rate by working overtime. _Id._ at 369.

A-5125-16T3

We recognize the tension between <u>Zielenski</u> and <u>Johns-Manville</u>. However, the Supreme Court in <u>Brady</u> adopted the general principle expressed in <u>Johns-Manville</u> that a significant economic loss may justify a voluntary quit. 152 N.J. at 220. After reviewing the facts in <u>Johns-Manville</u>, and the cut in the machinist's hourly rate, the Court stated, "The Board of Review found that such a substantial reduction in the claimant's salary constituted good cause to leave his work." <u>Ibid.</u> The Court then cited with approval the holdings of other state courts that a substantial reduction in wages affords good cause to quit. <u>Ibid.</u>

We are bound by this precedent. Applied to the facts before us, we conclude the Board erred in reversing the Tribunal's decision. Volz suffered a reduction in pay virtually identical in percentage terms to that deemed sufficient in <u>Johns-Manville</u> to justify a voluntary quit. Like the machinist who was offered a position demanding lesser skills, Volz was confronted with a reduction of his duties as well.

The Board apparently presumed, without any basis in the record, that as a part-time worker, Volz could have looked for a job during the time he did not work. However, Volz could have had a second job, or other responsibilities, such as caring for a spouse or other family member.

In sum, consistent with Johns-Manville and Brady, we conclude that Volz did not leave work voluntarily without good cause attributable to the work. Given that conclusion, we need not reach Volz's remaining points on appeal.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5125-16T3